## ROBSON & EVANS *v.* HALE & SONS.

1. A contract to purchase a certain quantity of oats, to be delivered in specified amounts each month during five months, is an entire contract of purchase, though the deliveries are to be made at separate times.
2. If a purchaser under such a contract, after receiving two shipments of the grain, without lawful cause notified the seller that he would not receive the balance of the grain undelivered, he could not thereby rescind the contract without the consent of the seller, but such a repudiation of it constituted a breach.
3. By Civil Code section 4131 it is declared that, upon the breach of an executory contract of sale by a purchaser, the seller ordinarily has a choice of any one of three remedies: He may retain the goods, and sue for the difference between the contract price and the market price at the time and place for delivery; or, he may sell the property, acting for that purpose as agent for the purchaser, and recover the difference between the contract price and the price on resale; or, he may store or retain the property for the purchaser and sue the latter for the entire price.
4. The evidence disclosed a clear repudiation of the contract by the purchaser, with no legal reason therefor. The verdict was fully warranted, and none of the grounds of the motion for a new trial furnish sufficient reason for a reversal.

APRIL 18, 1913.

Action for breach of contract. Before Judge J. B. Park. Baldwin superior court. August 19, 1912.

Robson & Evans made with Hale & Sons the following contract:

"Nashville, Tenn., Dec./8/09.

"Robson & Evans, Milledgeville, Ga.

"We are pleased to confirm sale to you to-day by wire through Messrs. R. T. Birdsey & Co., as follows:

500-160#sax wh. oats at 54⅝, last of Jan., 1910.

300-160#sax#3 wh. oats at 55¼, last of Feb., 1910.

300-160#sax wh. oats at 55⅞, last of March, 1910.

300-160# wh. oats at 56½, last of April, 1910.

600-160#sax#3 wh. oats at 57⅛, May, 1910.

"Nashville official weights and grades final. Shipments subject to draft drawn with exchange and collection charges; payable on arrival of car; shipment as follows: Jan., Feb., March, April, and May, 1910. Subject to freight charges. Price and terms accepted.

"Yours truly,            J. R. Hale & Sons, Per D. W. L.

"Robson & Evans, Per R. C. Robson."

Hale & Sons brought suit against Robson & Evans for a breach of this contract, alleging, among other things, as follows: The

oats agreed to be delivered the last of January and those to be delivered the last of February were delivered accordingly. On April 6, before the delivery of any of the remaining oats, or the furnishing of shipping orders on request, Robson & Evans advised the plaintiffs that they would not accept any further shipment; and instructed the plaintiffs to cancel the contract. The plaintiffs immediately advised Robson & Evans that they were unwilling to cancel the contract except upon condition that Robson & Evans would pay them two cents per bushel for the remaining 6,000 bushels. The plaintiffs continued to hold such 6,000 bushels of oats at their place of business, in Nashville, Tennessee, awaiting shipping orders. After Robson & Evans had been repeatedly informed that the plaintiffs would not cancel the contract except upon the terms above stated, and repeatedly requested to give shipping instructions, so that the plaintiffs might forward the oats in accordance with the contract, they failed and refused to do so. The plaintiffs held the oats until June 13, and then sold them at the market price at that time. Deducting the price which they brought from the aggregate contract price, with the cost of sacking and storage added, there was a balance of $567.46. The sale was made after frequent efforts to dissuade Robson & Evans from repudiating the contract, and after giving them written notice of intention to sell and hold them liable for the difference between the contract price and the price which the oats might bring in the Nashville market.

The defendants admitted the making of the contract, and that they refused to give shipping instructions, and, on April 6, notified the plaintiffs that they would not accept the oats which were to be delivered in March, April, and May. They also pleaded that at the time of such notice oats for March, April, and May delivery were worth more than the contract price, and that the plaintiffs, after the receipt of the notice, held the oats until June 13, during which period the market price of oats declined. The defendants insisted that the delay was unreasonable, and that they were not liable for damages resulting from the fall in the market price.

The jury found in favor of the plaintiffs $557.46, with interest from June 13. The defendants moved for a new trial, which was refused, and they excepted.

*Hines & Vinson*, for plaintiffs in error. *Allen & Pottle*, contra.

LUMPKIN, J. (After stating the foregoing facts.)

The contract to purchase the oats was entire, although they were to be delivered in different lots monthly, at a stated price per bushel for each lot. The buyers could not receive some of the oats and rescind the contract as to the balance, without the consent of the sellers. A refusal to accept more oats after the first two shipments was a repudiation of the contract, not a rescission of it. When the buyers, without lawful cause, notified the sellers that they would not receive the remainder of the oats undelivered, this was a breach of the contract. *Henderson Elevator Co.* v. *North Georgia Milling Co.*, 126 *Ga.* 279 (55 S. E. 50).

Under the previous rulings of this court, the sellers could not thereafter deliver other quantities of oats to a common carrier for transportation to the buyers, treat this as the equivalent of delivery to the buyers, and sue for the purchase-price of the oats as delivered. *Oklahoma Vinegar Co.* v. *Carter & Ford,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112) ; *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (56 S. E. 1030). The sellers could treat the contract as breached, and pursue any of the remedies stated in the Civil Code, § 4131. One of these was to sell the property as the agents of the buyers, after notice and in a reasonable time, and recover the difference between the contract price and the price on resale.

It will be observed that under the contract the sellers were not required to deliver the oats except in monthly shipments; and therefore they were not obliged to buy oats for each delivery until the time for it, if they did not have the oats on hand. It would seem that the buyers ought not to be better off by reason of breaking the contract than by complying with it. It may be, however, that the sellers should take this into consideration in electing which remedy they will pursue, and not elect to treat the notice as an entire breach and resell the whole, if they have not the property on hand for resale. Where a buyer refuses to receive goods and the seller elects the remedy of a resale, the general rule is that the resale must be in a reasonable time; and what is a reasonable time is a question of fact for the jury. *North Georgia Milling Co.* v. *Henderson Elevator Co.*, 130 *Ga.* 113, 116 (60 S. E. 258). In *Bainbridge Oil Co.* v. *Crawford Oil Mill*, 138 *Ga.* 741 (76 S. E. 41), the seller refused to deliver goods deliverable in installments. The

buyer refused to treat the contract as at an end, and demanded that deliveries be made at the times specified; and on failure of the seller to comply therewith, the buyer sued for the difference between the contract price and the market price at the time specified for each delivery. See also *Ford* v. *Lawson*, 133 *Ga.* 237 (5, 6), 238 (65 S. E. 444).

If it be assumed, under the facts of this case, that the sale of the entire lot of oats should have been made in a reasonable time after the notice of refusal to receive the balance was given to the plaintiffs on April 6, nevertheless the facts of the case are to be considered in determining the question of reasonableness. Here the evidence as to the contract, the conduct of the parties, the repeated letters and telegrams of the sellers, urging the buyers to give instructions and offering to release them on certain terms, but not otherwise, and the failure or delay on the part of the buyers in answering, was sufficient to authorize the jury to find that the delay in selling until June 13 was not unreasonable. *Mendel* v. *Miller*, 126 *Ga.* 834 (56 S. E. 88, 7 L. R. A. (N. S.) 1184).

The verdict was right; and none of the rulings complained of, if they had even apparent merit when considered alone, were such as to furnish ground for reversal.

*Judgment affirmed. All the Justices concur.*