15621. GEORGIA MOUNTAIN ORCHARDS *v.* JONES & STEWART.

STEPHENS, J. 1. Where a purchaser under a contract for the sale of personal property breaches the contract by a refusal to accept delivery thereunder, the seller may retain the property as his own, and may recover, as damages for such breach, the difference between the contract price and the market value of the property contracted for at the time and place for delivery. This is true although the seller actually sells the property in a foreign market at a price in advance of the market value at the place for delivery. The purchaser, having breached the contract, can not appropriate to his own benefit the ingenuity and business acumen of the seller in making a profit upon a sale of his own property in another market after incurring the risks and hazards incident thereto. *Georgia Refining Co.* v. *Augusta Oil Co.,* 74 *Ga.* 497 (2).

2. Where the commodity sold was peaches to be delivered at Hollywood, Habersham county, Georgia, the price brought by the particular peaches when sold by the seller in New York or Philadelphia was insufficient, when not supplemented by other testimony, to establish their market value at the place for delivery in Habersham county. Besides, the invoice by which it was sought to establish their value, being made by a stranger to the litigation, was inadmissible, as being hearsay.

3. In a suit by the seller, where the petition as amended seeks to recover for an alleged breach of the contract by the purchaser in refusing to accept the property when tendered, and prays for damages in an amount

33

alleged as being the difference between the contract price and the market value at the time and place for delivery, the plaintiff's right, on his case as laid in the amount sued for, is not defeated upon proof of a subsequent resale of the property by the seller after its rejection by the purchaser, where it does not appear that the seller had in fact sold the property for the purchaser's benefit after due notice to the purchaser of the seller's intention so to do. Civil Code (1910), § 4131. An admission by the seller (as in a stricken allegation in the petition) that the property was resold by him as above indicated, and that his damage is the difference between the contract price and the price obtained by him upon the resale, is, where it nowhere appears that the seller had given to the purchaser the required notice of the seller's intention to sell the property for the purchaser's benefit, insufficient to establish as a fact that the seller had actually retained and sold the property for the purchaser's benefit. See, in this connection, *Rowland Co.* v. *Kell*, 27 *Ga. App.* 107 (107 S. E. 602); *Harris* v. *Vallee*, 29 *Ga. App.* 769 (116 S. E. 642).

4. A contract for the sale of an entire crop of peaches of a certain definite description, which contemplates a delivery in different quantities at different times, is an entire contract, and a rejection of a part of the peaches by the purchaser when tendered under the terms of the contract is a breach of the entire contract, and the seller is entitled to recover the damages sustained by him as a result of the entire breach. See, in this connection, *Robson* v. *Hale*, 139 *Ga.* 753 (78 S. E. 177); *Southern Upholstering Co.* v. *Lieberman*, 27 *Ga. App.* 703 (2) (109 S. E. 509).

5. It was harmless to the purchaser to exclude certain evidence by the person who aided in the packing of the peaches, that while packing the peaches he observed that some of them were affected with brown rot, since the evidence offered fails to show what percentage of the peaches being packed were affected with brown rot. Since the contract provided for a sale of "all the merchantable . . peaches" which were "free from rot," etc., out of a certain orchard, evidence that some of the peaches packed and tendered were affected with rot and which did not show what percentage of the peaches were so affected, was insufficient to show that the entire carload of peaches tendered were to any substantial degree affected with rot; and especially is this true when it appears from the evidence that the purchaser had opened and inspected many of the crates tendered and found no such defect, and afterwards rejected the tendered peaches upon the sole ground that they were overripe and spray burned.

6. The petition as amended alleged the place of delivery and the market value at such place, and was not subject to the demurrer based upon the ground that such allegations did not appear in the petition.

7. The evidence authorized the verdict found for the plaintiff; and, applying the above rulings, no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1925.

Action for breach of contract; from Habersham superior court—Hammond Johnson, judge pro hac vice. March 8, 1924.

Application for certiorari was denied by the Supreme Court.

*H. A. Wilkinson, I. H. Sutton,* for plaintiff in error.

*J. C. Edwards & Son, Charters, Wheeler & Lilly,* contra.