*G. S. Johnston* and *Lewis A. Mills,* contra.

---

## BARNETT *v.* ADAMS.

Where two persons enter into a valid contract under which one agrees to convey to the other described lands by "merchantable title" in fee simple, and after repeated demands fails to execute and deliver such merchantable title, and there is evidence from which the jury might find that such party possessed only a life-estate in such lands, the other party would be entitled to consider the contract as breached and to have rescission and compensatory damages. The court therefore erred in overruling the motion to reinstate the case after the grant of a nonsuit.

No. 5550.    MARCH 17, 1927.

Petition to reinstate. Before Judge Maddox. Floyd superior court. June 8, 1926.

D. W. Barnett filed suit against J. L. Adams, on September 22, 1925, alleging that he entered into a contract with Adams for the exchange of certain chickens and lease of certain lands in consideration of transfer to him of certain other lands, Adams agreeing to execute to him a good merchantable title to such lands in

---

Vendor and Purchaser, 39 Cyc. p. 1406, n. 6; p. 1416, n. 83; p. 1997, n. 99.

fee simple; that he delivered possession of the chickens and the leased lands to Adams; but that Adams had failed to deliver him a fee-simple deed to the lands Adams had agreed to convey, petitioner discovering that Adams owned only a life-estate in those lands. The petition prayed for a recovery of the lands petitioner had conveyed in the bargain, that defendant be enjoined from interfering with petitioner's possession or ownership thereof, and for a recovery of a stipulated sum for the chickens, it being impossible for them to be returned. The petition contained an allegation that Adams' liability was for obtaining goods under fraudulent pretenses and representations. On the trial there was evidence to the effect that Adams had delivered to Barnett a deed which conveyed such title as Adams had received at the hands of B. J. Reeves; that Adams told Barnett he had title to this property, having purchased it from Reeves, relying upon the representation of the attorney of Adams, who had examined the title, that he was acquiring title; that the property Adams sought to convey was deeded by Mrs. J. C. Alexander to Reeves "during his life, and at his death to go to his children," was subsequently deeded by Reeves back to Mrs. Alexander "in fee simple," and was thereafter deeded again by Mrs. Alexander to Reeves "in fee simple," the two deeds last mentioned being dated the same day; and that Reeves was in fact married and had three children. Adams' answer, making general denial of most of the plaintiff's allegations, and setting up that he had delivered plaintiff a warranty deed and had put him in possession of the lands he agreed to convey, was of file. Upon conclusion of plaintiff's evidence, the defendant moved for a nonsuit on the grounds that the evidence failed to show that Adams did not have title or that Adams had been guilty of any fraud, and that no fraud on the part of Adams or knowledge that he had less title than he represented had been shown. The court granted the nonsuit. On May 27, 1926, Barnett filed a motion to have the case reinstated, alleging that upon announcement by the court that it would grant a nonsuit he had offered to amend, striking all allegations of fraud or misrepresentation; that counsel for Adams objected on the ground that this would make a new and distinct cause of action, which objection was sustained; and that the court had erred in construing the case as one of deceit, when it was one for specific perform-

ance, or damages in lieu thereof. The court overruled the motion to reinstate, and to this judgment exception was taken.

*Nathan Harris,* for plaintiff.

*Porter & Mebane* and *Denny & Wright,* for defendant.

GILBERT, J. The original petition filed by Barnett against Adams has the appearance of having been drawn with the idea of meeting any and all contingencies. It therefore can not be described as being purely a suit for damages, breach of contract, obtaining goods by means of fraud and misrepresentation, specific performance, or injunction; but rather as intending to include all of such actions. Fairly construed, we think that the petition, praying for injunction incidentally and for good measure, really sought damages for breach of the contract by Adams. There was no demurrer to the petition, in so far as the record discloses. The case proceeded to trial, and the court nonsuited the plaintiff. Subsequently the plaintiff moved a reinstatement of the case, and the question is whether the judgment overruling that motion was error. Counsel for the defendant frankly admits that the plaintiff "proved the contract as alleged, the delivery of the goods as alleged and of the leased premises." In other words, performance of his contract by Barnett was shown. The plaintiff introduced in evidence deeds showing the facts set out in the statement as to Adams' title, from which the jury would have been authorized to find that Adams did not own the fee-simple title to the land, and therefore could not have given plaintiff a merchantable title in fee simple. The evidence submitted would also have authorized the jury to find that Adams' grantor, Reeves, had only a life-estate with the remainder interest in Reeves' minor children. The evidence showed that Reeves ineffectually endeavored to obtain the fee, but his deed to Mrs. Alexander and her deed to Reeves wholly failed to accomplish that result. It further appeared from the evidence that Barnett had repeatedly demanded a compliance with the terms of the contract on the part of Adams, and that Adams had failed to comply. We think that under the evidence the jury would have been authorized to find a breach of the contract on the part of Adams, for which Barnett was entitled to rescission and compensatory damages. This being so, it was error to refuse to reinstate the case.

We do not overlook the contention of defendant's counsel that

the suit is one "in fraud and deceit," and that it is fatally lacking in proof of the knowledge of falsity on the part of the defendant. Notwithstanding some language used in the petition alleging fraud and misrepresentation on the defendant's part, we think the petition set out a cause of action, which, being supported by evidence, would authorize the plaintiff to recover damages on the theory that under the evidence introduced by plaintiff, nothing more appearing, the defendant did not and was unable to comply with his part of the contract.

*Judgment reversed. All the Justices concur.*