CAMPBELL *v.* RYBERT *et al.; et vice versa.*

Nos. 9494, 9495. DECEMBER 13, 1933.
REHEARING DENIED DECEMBER 28, 1933.

*W. H. Terrell,* for plaintiff. *T. B. Higdon,* for defendants.

BELL, J. F. R. Campbell sued T. F. Rybert for alleged purchase-money of described personal property which had been placed in the possession of the defendant as a lessee, with an alleged option in the plaintiff to sell the property to the defendant after the expiration of one year. The petition was held good against a general demurrer, in 44 *Ga. App.* 852 (163 S. E. 240). The plaintiff also filed a suit for injunction respecting the same property, and Rybert Printing Company intervened as a party defendant in each case. The two cases were thereafter consolidated and converted into one case, and upon the trial thereof the court directed a verdict in favor of the defendants. The plaintiff's motion for a new trial was overruled, and he excepted.

The defendants in error have contended that the judgment should be affirmed for several distinct reasons. Being thoroughly satisfied that the judgment was right for at least one of the reasons stated, we will place our decision upon that ground, without reference to other questions. While it appeared from the allegations that the defendant Rybert was in possession of the property as a lessee at the time the original suit was filed, the evidence adduced upon the trial showed without dispute that pending the litigation the plaintiff, after reacquiring possession of the property, delivered it to another person under a lease contract renewable by the latter from year to year for the total period of ten years; and the defendants having pleaded these facts as a defense, the plaintiff was not entitled to recover upon his alleged claim for the purchase-money.

It may be true, as contended, that the plaintiff reacquired possession of the property under an order of court granted without prejudice to either party in the litigation; but this did not warrant the plaintiff in disposing of the property in the meantime, so as to render it impossible for him to deliver it to the purchaser in accordance with the alleged contract of sale. Having thus placed himself in such a position that he could not perform the contract on his part, he could not insist upon performance by the purchaser. See, in this connection, *Timmerman* v. *Stanley,* 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S.) 379); *Cooley* v. *Moss,* 123 *Ga.* 707 (51 S. E. 625); *Mobley* v. *Lott,* 127 *Ga.* 572 (56 S. E. 637); *Bennett* v. *Burkhalter,* 128 *Ga.* 154 (2) (57 S. E. 231); *Jones* v. *Clemons,* 35 *Ga. App.* 552 (133 S. E. 744). So long as the plaintiff retained possession of the property under such judicial order, he might perhaps have been treated as a bailee for the purchaser and still have been entitled to claim that the sale was executed, so as to maintain the suit for the purchase-money (*Mack* v. *Pardee,* 39 *Ga. App.* 310, 315, 147 S. E. 147); but since he did not continue to hold the property for the use and benefit of the purchaser, but elected to exercise further acts of ownership concerning it, going so far as to divest himself of the power to redeliver it to the purchaser, he will not be heard to say that the contract was executed, so as to authorize a suit for the full amount of the purchase-money. In the circumstances the plaintiff must be held to have converted the contract into an executory agreement, and then to have committed a breach of the same, by which the opposite party was discharged. Cf. Civil Code (1910), §§ 4223, 4224, 4318, 4319; *Smith* v. *Georgia Loan & Trust Co.,* 113 *Ga.* 975 (39 S. E. 410); *Northington-Munger-Pratt Co.* v. *Farmers Gin Co.,* 119 *Ga.* 851 (47 S. E. 200, 100 Am. St. R. 210); *Byrd Printing Co.* v. *Whitaker Paper Co.,* 135 *Ga.* 865 (70 S. E. 798, Ann. Cas. 1912A, 182); *Robson* v. *Hale,* 139 *Ga.* 753 (2) (78 S. E. 177).

The plaintiff has not contended that he would be entitled to any of the equitable relief sought if the court was right in directing the verdict against him with respect to his demand for the purchase-money. There was no error in directing such verdict.

*Judgment affirmed. Cross-bill of exceptions dismissed. All the Justices concur, except Hill, J., absent for providential cause.*

RUSSELL, C. J., concurs in the result.