### 39505. GOLDGAR v. NORTH FULTON REALTY COMPANY, INC.

RUSSELL, Judge. 1. North Fulton Realty Co., Inc. sued Goldgar in the Civil Court of Fulton County for commissions allegedly earned under a contract for the sale of real estate signed by Goldgar as purchaser, C. W. Ewing, Jr., as seller, and the plaintiff, a corporation, by J. H. Wilson as broker. The contract contained the following provisions: "Seller agrees to furnish a marketable title to said property. . . Purchaser shall have reasonable time after acceptance of this contract in which to examine title and in which to furnish seller with a written statement of objections affecting the marketability of said title. Seller shall have a reasonable time after receipt of such objections to satisfy all valid objections and if seller fails to satisfy such valid objections within a reasonable time, then at the option of the purchaser, evidenced by written notice to seller, this contract shall be null and void. . . Purchaser agrees that if he fails or refuses to consummate transaction for any reason, except lack of marketable title in seller, purchaser shall pay broker full real estate commission hereinafter provided. . ."
The petition alleged, and the answer of the defendant admitted, that "Defendant has never objected to title of the subject property nor alleged to plaintiff any lack of marketable title in the seller, and to plaintiff's knowledge and belief, no objection nor allegation of lack of marketable title in seller was made to seller by the defendant." The sale contract called for closing on or before April 15, 1961. On April 14 the defendant wrote the seller that "I have now recently engaged myself in a business venture in the City of Tampa, Florida, it would therefore be imprudent for me to purchase a home in the

City of Atlanta at the present time." The purchaser and seller thereupon rescinded the contract by agreement. The defendant purchaser contends, however, that he is not liable to the broker for commissions because the house which was the subject matter of the contract of sale was not in fact owned solely by Mr. Ewing, the proposed seller who signed the contract of sale, but by Mr. and Mrs. Ewing jointly, and that for this reason the contract is unenforceable and void.

"One may contract to convey property in the future conditionally upon his being able to acquire title thereto. If he contracts absolutely to convey property not then owned by him, he will be liable in damages for a breach, even if he is not able to secure the same so as to make delivery." *Northington-Munger-Pratt Co. v. Farmers' Gin &c. Co.*, 119 Ga. 851 (1, 2) (47 SE 200). The purchaser is bound under this contract to pay the broker's commission unless he shows that the contract was not consummated due to lack of marketable title in the seller, and to show that he must show, not only that the seller did not have good title at the time of signing the contract of sale, but that he would have been unable to deliver good title by the closing date of April 15, 1961. Since a party litigant is bound by the admissions in his pleadings so long as they remain unstricken, and cannot offer evidence to contradict them (*Armour v. Lunsford,* 192 Ga. 598, 15 SE2d 886) it follows that the pleadings as well as the uncontradicted evidence establish that the defendant rescinded the contract for a reason other than that of lack of title in the seller, which reason alone, under the specific terms of the contract of sale, would have allowed him to avoid payment of the broker's commission. Whether or not the seller could have delivered good title on the closing date is not a question which addresses itself to the validity of the contract because if the contract was otherwise valid the seller would have been answerable in damages for its breach. Since this involves an issue of law rather than an issue of fact, the trial court did not err in directing a verdict in favor of the plaintiff.

2. The purchaser further contends that the plaintiff is precluded from recovering commissions under the contract of sale because it is not a licensed real estate broker. See *Code* § 84-1413. There was introduced in evidence a real estate

broker's license issued by the Georgia Real Estate Commission the pertinent provisions of which read: "Name: J. H. Wilson Firm Name: North Fulton Realty Co., Inc. Address: 3158 Roswell Road, Atlanta, Georgia. The above named individual, partnership or corporation . . . is hereby licensed to act as a Real Estate Broker." A further certificate of the Georgia Real Estate Commission introduced in evidence without objection showed that "J. H. Wilson d/b/a North Fulton Realty Company, Inc., Atlanta, Georgia" was a licensed real estate broker at the time in question. The contract of sale was signed, "North Fulton Realty Company, Inc., By J. H. Wilson, Broker." *Code Ch.* 84-14 makes provision for the licensing of persons, partnerships and corporations, but provides that only "persons" meeting certain qualifications may be licensed; that before "any individual" is granted a broker's license he must pass an examination provided by the commission, and that "if the licensee is a corporation the license issued to it shall entitle one official or representative thereof to engage in the business of a real estate broker within the meaning of this Chapter." (*Code* § 84-1415). Licenses are issued in the form prescribed by the Real Estate Commission. *Code* § 84-1412. It is obvious that, since a corporation can operate only through its authorized officers and representatives, and cannot pass an examination except through the acts of such officers, the intent of the law is that the license so issued inures to the corporate benefit. Accordingly, proof that J. H. Wilson d/b/a North Fulton Realty Co., Inc. was a licensed broker, and that the contract in question was signed "North Fulton Realty Co., Inc., by J. H. Wilson, broker" is sufficient proof of the licensing of the plaintiff corporation to allow it to maintain this action.

The trial court did not err in overruling the motion for a new trial and the motion for judgment notwithstanding the verdict, after a verdict for the plaintiff in this case.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED MAY 24, 1962—REHEARING DENIED JULY 31, 1962.

*Robert G. Young, Heyman, Abram, Young, Hicks & Maloof, William G. Grant,* for plaintiff in error.

*Sam G. Dettelbach,* contra.

### On Motion for Rehearing.

It is contended in the motion to rehear that, since a natural person cannot do business as a corporation, the certificate of the Real Estate Commission adds nothing to the original license, and that this license shows on its face that it was issued to an individual only. The license, however, is issued to the "above named" *individual or corporation,* and there is a place on it for both an individual name and a firm (or corporate) name. Thus, both names appear on the single license. This accords with the law in that the real estate corporation can act only through its brokers, and the payment of a single fee entitles both the corporation and one of its officers, if the latter is a broker, to transact the business of selling real estate.

In *Padgett v. Silver Lake Park Corp.,* 168 Ga. 759, 762 (149 SE 180) the following appears: "So, we are of the opinion that the legislature intended, in passing the acts of 1925 and 1927, to create a Georgia real-estate commission which would investigate each and every *person applying* for a license as a *corporation* or individual as a real-estate broker or salesman, and look into the fitness of *such applicant for license* in respect to *his* character, reputation, and experience, in order to ascertain whether or not from such investigation the *applicant* is of good character, competent, and trustworthy, and, if so, to grant *him* a license to sell real estate; and, if after investigation this commission should find to the contrary, that it would deny such person a license if he was found incompetent or untrustworthy." (Emphasis added). Our courts have thus recognized what every man knows in fact and what the Real Estate Commission by its regulations has adopted in practice, that, although there are provisions in our law for the licensing of corporations, like individuals, as real estate brokers, nevertheless a corporation cannot sell real estate except through a broker, for the license to the corporation entitles only one representative thereof to "engage in the business of a real estate broker within the meaning of this chapter." *Code* § 84-1415. A corporation applying for a license as broker must furnish an application verified by a corporate officer. *Code* § 84-1410.

Granted that the wording, both of the act and of the li-

cense, is ambiguous, after verdict any ambiguity in evidence should, if possible, be construed to uphold rather than to defeat the action. The act itself, as construed by the *Padgett* case, places the emphasis on the natural rather than the artificial person, although the two are inextricably interrelated. It is the individual as well as the corporate applicant who must be of good reputation and experience; it is the individual rather than the corporation as such who must have had 12 months' experience as a sales person. *Code* § 84-1409.

The statement in the motion to rehear is not accurate that "an individual cannot do business as a corporation." It was stated in *Williamson v. Gentry,* 44 Ga. App. 596 (1) (162 SE 395): "A person doing business under a trade name may bring suit in that name as his trade name. This is true although the trade name may be that of a corporation in which the person doing business in that name owns all the capital stock."

A judgment against one in his trade name is not void, as a person may sue and be sued in such trade name. *Charles v. Valdosta Foundry &c. Co.,* 4 Ga. App. 733 (2) (62 SE 493). The certificate of the Real Estate Commission showing that J. H. Wilson was doing business as North Fulton Realty Co., Inc., was admitted without objection; if it were necessary to this case to hold that the license issued was in fact a license to an individual rather than a corporation, this would constitute some evidence that the individual was in fact doing business under the corporate trade name which he would have had a right to use as the party bringing the action. From this it follows that the verdict was not without evidence to support it on the ground that the plaintiff was not licensed. If, as we here hold, the license is a corporate as well as an individual license, the question does not arise; if an individual license, the broker was doing business under the trade name in which the suit was brought.

*Motion denied.*