### 44408. ROBERTS v. J. L. TODD AUCTION COMPANY.

JORDAN, Presiding Judge. Under the pleadings as amended and limited during the course of the trial, J. L. Todd Auction Company sought to recover the amount of a commission allegedly due from A. L. Roberts for property sold by auction, plus attorney's fees under the provisions of *Code* § 20-1404. The trial court directed a verdict for the alleged amount of the commission, $4,000 plus interest, the jury awarded $600 for attorney's fees, and judgment was rendered accordingly. The defendant appeals from the overruling of a motion for new trial. *Held:*

1. The evidence clearly demands a verdict for the plaintiff for the amount of the alleged commission. Despite immaterial conflicts in the evidence it is undisputed that Roberts and Todd executed a written agreement granting Todd the exclusive right to sell at auction real estate described therein, including 38 lots in a subdivision, for a commission of $4,500 or 10% of the sale price, whichever was greater, that Roberts agreed "to make deed or necessary conveyances to any purchaser," that Todd conducted the auction and the only acceptable bid was $4,500 for four lots, and that after this bid was accepted Roberts and Todd executed a new agreement modifying the previous agreement to the extent of authorizing Todd to close this sale and retain $4,000 as the agreed commission. It also appears without dispute that Roberts was the co-owner with another of the property sold, that Todd afforded Roberts the opportunity of signing a convey-

ance and that Roberts failed "to make deed or necessary conveyances" although he testified he never specifically refused to sign a deed, and that Todd, being unable to close the sale, returned the bid price to the buyer, and that shortly thereafter Roberts and the co-owner conveyed the lots to the buyer for a consideration of $4,500. The contract as modified is enforceable as to the agreed commission notwithstanding the fact that Roberts was not the sole owner of the property. If one contracts absolutely to sell that which he does not own "he will be bound by the terms of his agreement." *Northington-Munger-Pratt Co. v. Farmers Gin &c. Co.*, 119 Ga. 851 (47 SE 200). "Whether or not the seller could have delivered good title on the closing date is not a question which addresses itself to the validity of the contract." *Goldgar v. North Fulton Realty Co.*, 106 Ga. App. 459, 460 (127 SE2d 189). Todd had earned its commission or was entitled to the equivalent in damages by doing all that it was required to do under the agreement as modified, and could do under the circumstances, the only remaining obligation being that of Roberts to provide the necessary conveyance. See *Rountree v. Todd*, 210 Ga. 226, 229 (78 SE2d 499); *Smith v. Tatum*, 140 Ga. 719 (1) (79 SE 775). Accordingly, the trial judge properly directed a verdict in favor of the plaintiff for the amount of the commission.

2. The evidence authorizes a verdict for $600 as a reasonable attorney's fee under the provisions of *Code* § 20-1404.

3. No prejudicial error appears for any reason argued and insisted upon.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED APRIL 8, 1969—DECIDED OCTOBER 3, 1969.

*Lynwood A. Maddox, Daniel C. B. Levy,* for appellant.
*Mackay & Elliott, Thomas W. Elliott,* for appellee.