46171.   SMITH REALTY COMPANY et al.
v. HUBBARD.

DEEN, Judge. 1. The defendant is designated in the complaint as "Mrs. Evelyn Lovinggood Hubbard as Administratrix de bonis non with will annexed of the estate of Elmo Lovinggood," process issued designating her in the same terminology, service of process is upon her "et al.," the certificate of service of the notice of appeal shows service by mail on the attorney of record of Mrs. Hubbard as such administratrix, and the complaint states that "at all times herein mentioned, defendant was acting in her representative capacity as such administratrix and in the proper exercise of powers and authority granted by said will."

The contract upon which the complaint is grounded is signed "Mrs Evelyn Lovinggood Hubbard, Administrator of Lovinggood Estate," and the subject matter of the contract is real property of the Lovinggood estate. From all of the above it is obvious that the action is intended against Mrs. Hubbard in her representative and not in her individual capacity. *Hamilton v. Speck,* 166 Ga. 667 (1) (144 SE 204); *Walden v. Nichols,* 204 Ga. 532 (1) (50 SE2d 105); *Harrison v. Harrison,* 214 Ga. 393 (5) (105 SE2d 214).

2. *Code* § 113-1713 provides in part: "An administrator may not bind the estate by any warranty in any conveyance or contract made by him." It was the rule at common law that neither an executor nor an administrator could bind the estate by warranty of title, and the language of this section has been applied to administrators and executors equally, the inclusion of the Code section doing no more than to limit the liability of the fiduciary in his individual capacity. See *Baxter & Co. v. Camp,* 126 Ga. 354, 361 (54 SE 1036). "Neither an executor nor an administrator can bind the estate by any warranty in any contract of conveyance." Redfearn, Wills and Administration in Georgia (3d Ed.), § 317, p. 218.

3. However, this is not to say that an administratrix with the will annexed cannot by administrator's deed convey good and marketable title to real estate owned by the decedent, or that if she did so she would be subject to an action at law because in the sale contract she had in her representative capacity signed a

contract of sale containing a general warranty of title. The fact that she acted in such representative capacity appears on the face of the instrument, and all parties are presumed to know the law, and to know to what extent the personal representative of the decedent may bind the estate. The complaint here is bottomed upon the allegation that the purchaser refused to buy the real estate because the administratrix "was unable to convey good and marketable title to the property contracted to be sold," and that the purchaser was ready, able, and willing to purchase upon the furnishing of such title. Under these circumstances the real estate agent would be entitled to his commissions under the terms of the contract. *Goldgar v. North Fulton Realty Co.*, 106 Ga. App. 459 (127 SE2d 189); *Roberts v. J. L. Todd Auction Co.*, 120 Ga. App. 444 (170 SE2d 862).

The grant of the defendant's motion to dismiss on the ground that the complaint failed to state a claim on which relief could be granted was error.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*
SUBMITTED MAY 3, 1971—DECIDED JUNE 14, 1971—
REHEARING DENIED JULY 15, 1971.

*Wiggins & Smith, Walter A. Smith,* for appellants.
*Crowe & Martin, Arthur L. Crowe, Jr.,* for appellee.