## 49245. DEAL v. MOUNTAIN LAKE REALTY, INC.

EBERHARDT, Presiding Judge.

On October 12, 1972 Roy L. Deal gave Mountain Lake Realty, Inc., a licensed real estate broker, whose salesman was duly licensed under Code Ann. Ch. 84-14, an exclusive listing for 120 days to sell a tract of land at a price of $53,300 to be paid in cash at closing or "at a price and terms acceptable to me," the realtor to have a 10% commission.

Mountain Lake procured a purchaser who was

willing to buy provided, (1) seller would provide and pay for a survey and fix the price at $500 per acre, (2) purchaser could secure a Federal Land Bank loan for 80 percent of the purchase price, (3) the final survey showed a permanent running stream of water to be located on the place.

A contract of sale, incorporating the terms proposed by the purchaser was prepared, and both seller and purchaser assented by signing it. The contract provided for closing within 45 days after December 23, 1972, seller to convey a good and marketable title by warranty deed.

The broker's attorney notified the purchaser and seller to appear at his office for closing on February 9, 1973, but the seller failed to appear.

Thereupon the broker filed suit against the seller to recover a 10 percent commission on a sales price of $56,230. Defensive pleadings were filed asserting that (1) the broker had not procured a purchaser who was willing and able to buy on the terms of the listing, but upon new and different terms, (2) the purchaser had never paid the $1,000 earnest money to the broker as called for by the sales contract, (3) the contract was too vague and uncertain to be enforced, and (4) defendant had owned only a one-half undivided interest in the property, his wife owning the other half-interest, as disclosed by the public record of a deed to them, that she would not sell her half-interest and thus he could not convey a full title.

Plaintiff moved for summary judgment, submitting affidavits, the listing and sales contracts and defendant submitted affidavits in opposition. After hearing a summary judgment was granted for the full commission claimed, or $5,623.

Defendant appeals, enumerating as error: (1) the granting of the summary judgment when it had not appeared that the broker had produced a purchaser able and willing to buy on the terms of the listing agreement; (2) that the listing agreement had been superseded by the sales agreement, (3) that there had been no evidence of a selling price of $56,230 and thus that plaintiff had shown no right to recover 10 percent of that amount; (4, 5) that no sale of the property had been consummated and by terms of the contract no commission was due unless

a sale was consummated. *Held:*

1. While the purchaser produced did propose certain additional and varying terms from those in the listing agreement which were incorporated in a sales agreement, the listing agreement had provided for a sale on stated terms "or at a price and terms agreeable to me," and when he gave approval to the terms as written into the sales contract by signing it, the seller may not urge in defense to the broker's claim for its commission that the terms have been altered or changed.

A different result is not required by a line of cases such as *Weldon v. Lashley,* 214 Ga. 99 (103 SE2d 385), reversing 96 Ga. App. 761 (101 SE2d 779); *Atlanta Realty Co. v. Campion,* 94 Ga. App. 136 (93 SE2d 781); *Thornton v. Lewis,* 106 Ga. App. 328 (126 SE2d 869); *Schaffer v. Padgett,* 107 Ga. App. 861 (131 SE2d 796); and *Turner v. Atlanta Realty Co.,* 112 Ga. App. 648 (145 SE2d 758), for in none of these cases does it appear that the seller had assented to any change or variance in the terms of listing, as it does here.

2. Appellant-seller urges that there can be no recovery of a 10 percent commission against him because the listing agreement was superseded by the sales contract. Each instrument provided for a broker's commission of 10 percent of the sale price. This enumeration is without merit.

3. Appellant contends that there was no evidence of a selling price of $56,230. The sales contract provided for a survey and a sale at $500 per acre. The survey disclosed that the tract contained 112.46 acres of land, and hence the selling price—though this exceeded the selling price as included in the listing agreement, it is to the benefit of the seller and he cannot complain. Moreover, he assented to this method of arriving at the selling price when he executed the sales contract. This enumeration is without merit.

4. (a) The contention that no sale was consummated relieves the seller of his obligation to pay the commission, though a purchaser ready, able and willing to buy was produced, is without merit when it appears that the failure to consummate the sale was the seller's fault. *Humphries & Jackson v. Smith,* 5 Ga. App.

340 (63 SE 248).

(b)   One may contract and bind himself to sell that which he does not own, and if he fails to place himself in position to complete the sale at the time specified, he will be liable in damages to the promisee. His inability to convey a good title to the whole of the fee because his wife owned a one-half undivided interest which she would not convey does not affect the validity of his contract to convey a good and merchantable title to the whole fee or relieve him from liability for damages for his failure to do so. *Goldgar v. North Fulton Realty Co.,* 106 Ga. App. 459 (127 SE2d 189); *Roberts v. J. L. Todd Auction Co.,* 120 Ga. App. 444 (170 SE2d 862); *Higgins v. Kenney,* 159 Ga. 736 (126 SE 827); *Barnett v. Adams,* 164 Ga. 18 (137 SE 554).

This is true even though specific performance would lie only as to the one-half undivided interest vested in the seller. See *Deal v. Dickson,* 231 Ga. 366 (202 SE2d 41).

We find no error. The grant of the summary judgment was proper.

*Judgment affirmed. Pannell and Evans, JJ., concur.*

ARGUED APRIL 5, 1974 — DECIDED MAY 7, 1974 —
REHEARING DENIED MAY 22, 1974.

*Webb, Parker, Young & Ferguson, John Tye Ferguson, Paul Webb, Jr.,* for appellant.

*Alton M. Adams,* for appellee.