## 54725. HOPE v. DeFOREST REALTY, INC.

BIRDSONG, Judge.

Action for commission. On June 3, 1976, appellant signed an exclusive listing contract with appellee broker to sell his home and the tract of land upon which it was situated. The contract provided that the house and land were to be sold for $39,000 with a $5,000 down payment and the remainder owner-financed, "or upon any other terms acceptable to me," the broker to receive a 6% commission. That same day, appellant, through appellee, executed a contract to sell his property to one Moore, who inserted in the contract a standard "contingency clause," providing that the sale was "contingent upon purchaser's selling his own home at 16 Pinelea and consummating such sale by August 1, 1976." Although this contingency was later satisfied, the appellant, either mutually with the purchaser or unilaterally, at some point after June 3, 1976, rescinded the contract to sell his property to Moore. The broker brought this action for commission, and, from the grant of summary judgment in favor of the broker, this appeal was brought.

Appellant's sole enumeration of error is that the trial court erred in granting summary judgment in favor of appellee. Without raising any genuine, relevant factual issue, appellant apparently contends that the "contingency clause" rendered the contract void for lack of mutuality, and urges this as a defense to the realtor's action for commission. *Held:*

1. The listing contract signed by appellant specifically provided for a sale on stated terms "or upon any other terms acceptable to me." When the seller approved the terms as written into the subsequently obtained sales contract by signing it, he accepted the broker's procurement of a ready, able and willing purchaser, at which point the broker was entitled to his commission. Code Ann. § 4-213. While the "contingency

clause" may have affected contractual rights as between seller and purchaser, the seller may not urge in its defense to the broker's claim for his commission that the contract was lacking in mutuality. See *Deal v. Mountain Lake Realty, Inc.,* 132 Ga. App. 118 (1) (207 SE2d 560).

2. "The contention that no sale was consummated relieves the seller of his obligation to pay the commission, though a purchaser ready, able and willing to buy was produced, is without merit when it appears that the failure to consummate the sale was the seller's fault. [Cit.]" *Deal v. Mountain Lake Realty, Inc.,* 132 Ga. App. 118 (4) (a), supra. The result is the same whether the seller's failure to consummate the sale was unilateral or mutual.

We find no error. The grant of summary judgment in favor of appellee was proper.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 6, 1977 — DECIDED DECEMBER 5, 1977.

*Fred W. Minter,* for appellant.
*Gus L. Wood,* for appellee.