## 55387. SANDISON v. HARRY NORMAN REALTORS, INC.

SHULMAN, Judge.

Plaintiff-real estate company brought suit to recover commissions allegedly owing by reason of the company's efforts in securing a purchaser for certain property. Plaintiff moved for summary judgment, submitting affidavits, exclusive listing contracts and a sales contract executed by defendant wherein defendant agreed to pay the commission based on a stated percentage of the sales contract purchase price.

This appeal follows a grant of summary judgment in favor of the real estate company for the full amount of the commission. We affirm the judgment.

1. Although the purchaser was accepted by defendant and a sales contract executed, the sale was not consummated. Defendant's husband, who was a joint owner of the property, refused to join in the conveyance.

Defendant correctly recognizes that, under the circumstances, her inability to complete the sale is not a basis for avoiding contractual liability for commissions. *Deal v. Mountain Lake Realty,* 132 Ga. App. 118 (4) (207 SE2d 560).

Appellant argues, however, that *Deal* is not controlling because appellee either knew or should have known that title was not exclusively in her name. Her sworn affidavit recites that she indicated to the broker that she was not sure whether the property was titled solely in her name or jointly with her husband. She further avers by affidavit that the broker expressly assumed the obligation of determining the record titleholder of the real property. Appellee-broker denies having offered to research the title and avers that she did not know or have reason to suspect that the property was not titled exclusively in the name of defendant.

Appellant contends that summary judgment was improperly granted because there remains a fact question as to whether the broker was aware of the possibility that appellee would not be the title owner. See, e.g., *Truitt v. Ansley,* 12 Ga. App. 329 (77 SE 200) (error to direct verdict

in favor of broker where question of fact remained as to terms of contract between broker and seller, i.e., whether broker agreed to sell property with condition that title was defective; no written contract between broker and seller at issue, broker not party to contract between seller and purchaser). She further asserts that the title search was a condition precedent to recovery of the commission. These arguments are unavailing.

The disputed conversations as to title occurred prior to the execution of the sales contract. That contract recites in pertinent part that: "Broker has rendered a valuable service for which reason Broker is made a party to enable Broker to enforce his commission rights hereunder against the parties hereto on the following basis: Seller agrees to pay Broker the full commission . . . in the event the sale is not consummated because of Seller's inability, failure or refusal to perform any of the Seller's covenants herein." Among the covenants seller agreed to perform were covenants that seller at the time of execution had title to the property and that seller would convey good and marketable title to the property by general warranty deed.

The contract further recited: "This contract constitutes the sole and entire agreement between the parties hereto and no modification of this contract shall be binding unless attached hereto and signed by all parties to this agreement. No representation, promise or inducement not included in this contract shall be binding upon any party hereto."

The above matters sworn to in appellant's affidavit are not admissible to vary the terms of the contract. *Branan & Schmitz Realty Co. v. Carter,* 122 Ga. App. 618 (2) (178 SE2d 285). Therefore, as a matter of law, recovery of the commission cannot be defeated on the grounds urged herein by appellant.

2. Appellant's assertion that a fact question remains as to whether plaintiff was authorized to sign an exclusive listing contract on her behalf is not relevant to this summary judgment. See *Pierce v. Deich,* 81 Ga. App. 717 (59 SE2d 755) (where the broker's suit for commission is based on oral contract between broker and purchaser, question of whether purchaser's agent had authority to

sign sales contract irrelevant). The contractual liability asserted here is by reason of the executed sales contract. See *Richardson v. DePree,* 32 Ga. App. 3 (3) (122 SE 707) (sales contract signed by seller, purchaser and broker; provision regarding broker and seller was separate binding contract between those parties).

Although a factual dispute over the exclusive listing contract may exist, this dispute does not involve a genuine issue of material fact that would preclude the grant of summary judgment. *Scarboro v. Lauk,* 133 Ga. App. 359 (4) (210 SE2d 848).

3. Appellant contends that summary judgment was inappropriate because fact issues remain as to whether plaintiff, knowing that defendant could not perform, fraudulently procured defendant's signature on the sales contract.

Defendant's affidavit in opposition to the motion states as follows: "When [the real estate broker] asked me who owned the property, I advised her that I thought I did but if she would wait until the following day I would go to my safety deposit box and get the Deeds out and advise her, because I wasn't sure whether the property was in my name individually or in the name of my[self] or my husband. Thereupon, [the broker] advised me that she had connections at Adair [Realty Company] and she would check on it the following day. I relied on her aforesaid representation, and since I did not hear from her to the contrary, I assumed that the title to said property was in my name."

As noted in Division 1, the real estate broker, by affidavit, denies appellant's sworn statement.

This factual dispute cannot render the summary judgment erroneous, however. The facts as sworn to by defendant are not legally sufficient to raise the defense of fraud. *Shaw v. Cook County Fed. Savings &c. Assn.,* 139 Ga. App. 419 (228 SE2d 326).

4. Because appellant's defenses were legally insufficient and because appellee established its right to the commission, the court correctly granted summary judgment.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 27, 1978 — DECIDED APRIL 25, 1978.

*Charles H. Wills, Terence G. Kelly,* for appellant.
*Carr, Wadsworth, Abney & Tabb, Benjamin C. Abney,* for appellee.