### 61095. HORN v. WRIGHT.

DEEN, Presiding Judge.

Emmett J. Arnold III was one of five heirs at law of Emmett J. Arnold, Jr. and one of two co-administrators appointed to administer the latter's estate on his death. He informed the appellant Horn, a real estate broker, that the estate property was for sale, and, upon Horn offering him a contract of sale signed by the appellee R. K. Wright as purchaser accepted the offer therein contained, signing himself as "Emmett Arnold, Co-Executor, Estate of Emmett J. Arnold, Jr."

1. Wright, who had paid Horn the $5,000 earnest money required under the contract, decided not to close the sale and so informed the parties, demanding the return of his purchase money deposit. Horn refused, relying on a provision in the contract of sale stating in effect that the broker was a party to the contract and, on default of the purchaser, entitled to apply the earnest money toward payment of his real estate commission. Wright then sued to recover the deposit and filed a motion for summary judgment which was granted by the trial court for the stated reason that the sale contract was a nullity, "not ever having been executed for or in behalf of the seller by a person having authority to sell and convey the designated property."

We do not agree that the contract under consideration was void. It is, of course, true that a valid contract requires parties who are legal entities (Code § 20-107) and also that, the deceased having died intestate, no executor was involved. Arnold III was in fact a co-administrator and if he were authorized to sign as such the fact that he mistakenly designated himself a co-executor would be insufficient to void the signature. Assuming, however, that the

signature in any representative capacity is unauthorized,[1] the only effect would be to render his signature binding in an individual rather than the representative capacity. A suit against one described as X, administratrix of the estate of Y, deceased, is a suit against X individually, *Nolin v. Mooty,* 29 Ga. App. 97 (1) (113 SE 814) (1922), the additional words being merely *descriptio personae.* If one undertakes an obligation in a fictitious or trade name, the obligation is his own individually. *National Cash Register Co. v. Sikes,* 94 Ga. App. 391, 392 (94 SE2d 782) (1956). Since it is conceded by all parties that Arnold III was not an executor of the estate in question, and since the words were merely descriptive, the signature must be taken as his own in an individual capacity. Code § 4-401.

2. It is further contended that since Arnold III was either not the owner of the land which was the subject of the contract of sale or was at most only a tenant in common and part owner, sharing with the other heirs, his signature is a mere nullity. One may, however, contract to sell property not owned by himself, taking his chances on obtaining title prior to the date of consummation of the sale or responding in damages if he fails to do so. " 'Whether or not the seller could have delivered good title on the closing date is not a question which addresses itself to the validity of the contract.' *Goldgar v. North Fulton Realty Co.,* 106 Ga. App. 459, 460 (127 SE2d 189); *Roberts v. J. L. Todd Auction Co.,* 120 Ga. App. 444, 445 (170 SE2d 862)." *Williams v. Bell,* 126 Ga. App. 432, 434 (190 SE2d 818) (1972).

The contract was not void for lack of an authorized signature. The trial court erred in granting summary judgment on this ground, but did not err in denying the appellant's motion for summary judgment.

*Judgment reversed in part and affirmed in part. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 9, 1981.

*Ben F. Easterlin IV,* for appellant.
*Henry L. Crisp,* for appellee.

---

[1] Upon the death of the owner intestate, title vests directly in the heirs, subject to administration for payment of debts and distribution. Code § 113-901. Administrators can only sell real estate for these purposes after complying with Code § 113-1706, receiving leave to sell from the probate court, and proper advertisement. This record is silent as to any such procedures.