Sognier, Judge.
Howell signed an exclusive agreement with an agent of Greene Real Estate Co. listing a 216.79 acre tract of land for sale for $190,000. Subsequently, Howell executed a real estate sales agreement calling for the sale and conveyance of said property by him to a third party for $140,000; the real estate commission was to be split equally between Greene and Dozier Realty. Howell failed to close because certain co-owners of the property failed to appear at closing. Greene and Dozier sued Howell for their commission pursuant to the terms of the sales agreement. Three other co-owners of the property were joined in the suit as defendants for allegedly conspiring with Howell to deprive appellees of their commission. The trial court granted Greene and Dozier’s motion for summary judgment.
Appellant contends that the trial court erred in granting summary judgment in favor of appellees based on the pleadings, documents and affidavit in the case. Appellees argued on summary judgment that Howell, even though he owned only a partial interest in the land, could contract to sell the entire interest and is bound by *767 the contract. Thus, Howell is bound to pay appellees’ earned commission. Appellees cite in support of their argument Sandison v. Harry Norman Realtors, 145 Ga. App. 736 (245 SE2d 37) (1978); and Deal v. Mountain Lake Realty, 132 Ga. App. 118 (207 SE2d 560) (1974). We find no fault with appellees’ statement of the law in this regard; however, these cases do not decide the issues in the instant case.
Howell contends that appellees have failed to pierce the allegations made in his defensive pleadings and that, therefore, summary judgment was incorrectly granted. We agree.
Howell answered appellees’ complaint and admitted executing the listing and sales contracts. However, appellant defended on the grounds that the agents represented to him that they were “experienced and qualified real estate agents and that they were able to and would sell the land described in the contracts referred to in Plaintiffs’ suit for the best price obtainable. Plaintiffs negligently failed to ascertain the best price obtainable for said land and erroneously represented to this Defendant that $140,000 was the highest price obtainable for said land. This Defendant is not experienced in land sales and relied on Plaintiffs representations and signed the contracts referred to in Plaintiffs’ suit in reliance thereon. Since the events referred to in Plaintiffs’ suit, bids have been taken on said land without the benefit of any realtor and said land sold to the highest bidder for $176,500.00.”
Code Ann. § 4-101 provides: “The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him . . .” The relationship of principal and agent, being confidential and fiduciary, demands that there be the utmost good faith between the principal and agent. Peevy v. Wilkes, 48 Ga. App. 114, 116 (172 SE 108) (1933).
“The law implies, as a part of the contract by which every agency arises, that the agent agrees to have and exercise, for and toward his principal, loyalty and absolute good faith; and any breach of this implied contract on his part forfeits his right to commission. [Cits.] If the agent practices upon the principal any deception (whether intentional or not) whereby the principal is misled and damaged and the agent would reap any benefit, the transaction is fraudulent, and the courts will not allow the agent to take or retain the benefit.” Williams v. Moore-Gaunt Co., 3 Ga. App. 756, 759-760 (60 SE 372) (1907). See also in this regard Dawes Mining Co. v. Callahan, 246 Ga. 531 (272 SE2d 267) (1980); Scott v. Lumpkin, 153 Ga. App. 17 (264 SE2d 514) (1980); and Reisman v. Massey, 84 Ga. App. 796 (1) (67 SE2d 585) (1951).
Howell alleged sufficient facts to assert his affirmative defense *768 of fraud in his responsive pleadings. This asserted defense has not been pierced in any way by appellees’ pleadings or affidavit. Thus, questions of fact regarding fraud remain for the jury. Avco Financial Services Leasing Co. v. Mullins, 152 Ga. App. 120, 121 (262 SE2d 266) (1979); Smith v. First Am. Bank &c. Co., 139 Ga. App. 292 (228 SE2d 227) (1976).
Decided June 21, 1982
Rehearing denied June 30, 1982.
Joe K. Telford, for appellant.
Robert W. Lawson, Jr., for appellees.
Summary judgment was error.

Judgment reversed.

Deen, P. J., and Pope, J., concur.