## DOUGLASS *v.* WILLIAMS ART COMPANY.

Under the facts of this case the court did not err in sustaining the demurrer and dismissing the petition.

AUGUST 14, 1915.

Action for breach of contract. Before Judge Gilbert. Bibb superior court. February 10, 1914.

C. H. Douglass brought suit against the W. L. Williams Art Company, and alleged substantially as follows: On or about August 13, 1913, the defendant, acting through its president, W. L. Williams, and its duly authorized agent, C. Watson Jones, entered into a contract with the plaintiff, whereby it sold to him 1,000 certain advertising tickets, bearing defendant's name thereon, for the purchase-price of $20, and obligated itself by a written agreement made and delivered to the plaintiff, which is as follows (omitting dates, etc.): "To whom it may concern: This will introduce to you Mr. C. Watson Jones, who is fully authorized to place with you tickets bearing our name (W. L. Williams Art Company) and calling for one 11x14 photographic enlargement matted to 16x20 absolutely free of charge, when presented with any merchant's endorsement who have purchased tickets from Mr. Jones. Although we would prefer to frame these pictures, we desire it to be fully understood that the holder of these tickets, presenting them with proper endorsement as above stated, are in no way required to buy frames or in any other manner be at any expense whatever in securing portraits. Positively all arrangements for above proposition must be made with Mr. Jones. Yours very truly, [signed] W. L. Williams Art Company. W. L. W., Pres." At the time of entering into the contract the plaintiff was a merchant

engaged in the sale of cigars and tobacco, soda water, etc. Acting in pursuance of the contract and with a view of advertising and promoting the business and patronage of the Douglass Theatre, of which plaintiff is the proprietor, he gave to each of the patrons of the theatre, who had spent as much as $1 for admissions, one of the tickets, duly signed by plaintiff, and entitling the holder thereof to one photographic enlargement according to the contract. The giving of these tickets to the patrons of the theatre proved to be a good advertising project, and materially increased the attendance and door receipts of the theatre. The defendant, after duly honoring about 15 of the first of the tickets that were presented, did, on or about the 15th of September, 1913, refuse to honor any more of the tickets, or to carry out its contract with plaintiff, and refused to furnish any more of the photographic enlargements to the holders of the tickets; and since this time the defendant has refused to furnish the photographic enlargements, though often requested by the holders of the tickets and by plaintiff to do so, to the injury and damage of the plaintiff in specified amounts.

The plaintiff offered an amendment to the petition. He excepted to its rejection, and to the sustaining of general and special demurrers to the petition.

*C. J. Johnson,* for plaintiff.

*Feagin & Hancock,* for defendant.

HILL, J. (After stating the foregoing facts.) The plaintiff must stand or fall by the case as made by his petition. He does not sue upon a parol contract entered into between himself and the defendant, and breached by the latter; but he sues upon what he terms "a written agreement" which is set out in the foregoing statement of facts. A contract is an agreement between two or more parties for the doing or not doing of some specified thing. There is no difference between a "contract" and an "agreement." 1 Words & Phrases (2d series), 171-172. *Turner* v. *Lorillard Co.,* 100 *Ga.* 645 (28 S. E. 383, 62 Am. St. R. 345). The paper sued on is lacking in the elements necessary to constitute a valid written contract; and as the plaintiff has elected to stand on this paper, he must fail in his suit. It does not appear from the paper that the plaintiff is a party to it; no consideration is expressed in it, nor any time specified within which it is to be performed. It is generally so lacking in definiteness that it can not be considered

as a valid contract between the plaintiff and the defendant; nor does the petition allege such facts as, taken in connection with the paper, would authorize the plaintiff to recover. The most that can be said of the paper is that it is a power of attorney authorizing C. Watson Jones as agent of the defendant to "place" tickets bearing defendant's name with "whom it may concern," as therein mentioned. But, in that view, no such case is alleged as would entitle the plaintiff to recover. In any view of the case as made by the plaintiff, we think that the demurrer was properly sustained, and that the court did not err in dismissing the petition.

The proffered amendment was not incorporated in the bill of exceptions, nor attached thereto as an exhibit properly identified, but the plaintiff in error sought to bring it before this court by specifying it as a part of the record. Under such circumstances, the exception to the order of the court disallowing it can not be considered. *Holmes* v. *Cobb Real Estate Co.*, 142 *Ga.* 56 (82 S. E. 496).

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Beck, J., dissenting.*