### 6262.   BARROW *v.* PENNINGTON.

BROYLES, J.   1.   Giving the document attached to the plaintiff's petition the most liberal construction, it is not such a contract as will support the allegations of the petition, and the demurrer to the petition should have been sustained.

(a) The letter which the plaintiff claimed was a contract between himself and the defendant, and which was written by the defendant to one Stewart, the agent and overseer of the plaintiff, was as follows:   "Mr. J. Stewart:   Butler tells me that Floyd will take all of his corn and fodder on what he owes.   Settle with him, and send me the amount due,

31

and I will take it up. Yours truly, J. A. Barrow." This contract, if it can be so called, is subject to the objections urged, to wit, that it is vague, indefinite, and ambiguous, and might reasonably be construed to embrace a condition precedent, viz., that all of Butler Simpkins's corn and fodder must . be taken by Floyd Pennington, and applied by him as a credit upon Simpkins's debt, and that after this has been done, the defendant, Barrow, will "take up" the balance of the debt. It is not alleged in the original petition, or in the amendment thereto, that this part of the contract was performed by the plaintiff; and the itemized statement of the plaintiff's account against Butler Simpkins, attached to the amendment to the answer, shows that no corn or fodder was allowed as a credit on the account. It is not apparent that the minds of the parties to this alleged contract ever met upon the consideration, the subject-matter, or the terms thereof.

2. The error in overruling the general and special grounds of demurrer rendered nugatory the further proceedings in the trial.

*Judgment reversed.*

DECIDED JANUARY 20, 1916.

Complaint; from city court of Louisville—Judge Phillips. December 23, 1914.

*M. C. Barwick,* for plaintiff in error.

*R. N. Hardeman, Frank Hardeman,* contra.