31867. AERO CONSTRUCTION COMPANY *v.* GRIZZARD.

650

DECIDED MARCH 5, 1948.   REHEARING DENIED MARCH 18, 1948.

*Moise, Post & Gardner, Bates Block,* for plaintiff in error.
*Grant, Wiggins, Grizzard & Smith,* contra.

PARKER, J. ■ We find no error in the rulings of the court on the demurrers. The first demurrer was properly overruled, certainly after the petition had been amended. Since the petition was amended about twenty days before that ruling, we think it inferable that the court was cognizant of the amendment when the ruling was made. The petition as amended stated a cause of action as against a general demurrer, and the ruling on the second demurrer was right regardless of the reason which the court may have given for making it. See *Bank of Norwood* v. *Chapman,* 19 *Ga. App.* 709 (92 S. E. 225); *Blount* v. *King,* 51 *Ga. App.* 4 (3) (179 S. E. 198); *Walden* v. *Barwick,* 72 *Ga. App.* 545 (2) (34 S. E. 2d, 552); *Moody* v. *Foster,* 74 *Ga. App.* 829 (2b) (41 S. E. 2d, 560); *Coker* v. *Atlanta,* 186 *Ga.* 473 (198 S. E. 74).

■ The only question presented by the general grounds of the motion for new trial is the sufficiency of the evidence to sustain the judgment rendered by the court without a jury. It appeared that the defendant signed a lease agreeing to pay $50 a month as rent for the use of certain property, and that no rent had been paid for the last eight months covered by the contract. The defendant did not actually take possession of the property and use it or occupy it for any period of time. Its contention was that when it paid $200 it was to be released from further liability under the contract. The plaintiff contended that the $200 paid covered the first four months' rent, and that the defendant was not relieved of further liability for the rent of the premises. The judge found in favor of the contentions of the plaintiff on the issue between the parties as to the $400 rent, and we cannot say as a matter of law that the evidence did not support such finding.

The special stipulations in the lease on which the plaintiff claimed $1000 and the court awarded $150 as damages are as follows: "For consideration of cleaning and remodeling said space, lessee will be allowed the privilege of obtaining immediate possession of this property free of rent. It is understood that lessee takes the above described space as is, and shall bear the

entire cost of putting it in usable shape for his purposes. All other provisions of this lease to the contrary are void." The lease was dated January 12, 1946, and was for a term commencing on April 1, 1946, and ending on March 31, 1947. It was the plaintiff's contention that the special stipulations in the lease obligated the defendant to clean and remodel the premises in consideration of the privilege of entering immediately and before the commencement of the term on April 1. The defendant's position is that the special stipulations are void and unenforceable for indefiniteness and lack of certainty.

"A building contract, to be valid, must have the necessary element of certainty, just as other contracts." *Brown-Randolph Co.* v. *Gude,* 151 *Ga.* 281 (106 S. E. 161). "A contract is an agreement between two or more parties for the doing or not doing of some specific thing." Code, § 20-101. "In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference. Until all understand alike, there can be no assent, and, therefore, no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement." 17 C. J. S., 359, § 31. "One of the requirements of a valid contract is that it shall set forth a subject-matter upon which it can operate, with such certainty and completeness that either party may have a right of action upon it." *Parks* v. *Harper,* 43 *Ga. App.* 269 (158 S. E. 454). "A suit to recover for services alleged to have been performed by the plaintiff in rehabilitating and improving farm lands belonging to the defendant, upon an alleged contract by which the defendant was to pay the plaintiff for such services, and there appearing from the evidence in support of the plaintiff's claim a promise to pay 'four thousand to five thousand dollars,' which is no definite sum, for indefinitely defined services to be performed by the plaintiff for the defendant, after the plaintiff has performed services of the general character of the services indefinitely described, but which performed services are definitely ascertainable, there can be no recovery of the sum of $4000 on the defendant's promise to pay such sum." *Mosteller* v. *Mashburn,* 64 *Ga. App.* 92 (12 S. E. 2d, 142). See also *Weill* v. *Brown,* 197 *Ga.* 328 (29 S. E. 2d, 54).

The special stipulations and provisions in the rental contract are too indefinite and uncertain in our opinion to authorize a recovery of damages against the defendant for failing to comply with them. The provisions speak for themselves. They show on their face that no specific amount or kind of cleaning or remodeling is definitely stated. There was no specification with any degree of certainty or definiteness as to any specific thing to be done by the defendant in cleaning and remodeling the premises, and whether or not the defendant did any cleaning and remodeling was optional with it. It was "allowed the privilege" of having immediate possession free of rent in consideration of cleaning and remodeling, but was not required, as we construe the agreement, to do anything of a definite or specific character in cleaning and remodeling the premises.

For the reasons stated, and under the authorities cited, we think that the court erred in rendering a judgment against the defendant for the $150 as damages. The judgment overruling the motion for new trial is affirmed upon the condition that the plaintiff, at or before the time the remittitur is made the judgment of the trial court, write off from the judgment the $150 recovered as damages; and upon the failure of the plaintiff to do so, the case is reversed.

*Judgment affirmed, on condition. Sutton, C. J., and Felton, J., concur.*