## 36528.   JONES *v.* ELY.

TOWNSEND, J.   1.   For a contract to be sufficiently definite so that an action may be maintained thereon, it is necessary to show that the minds of the parties are in agreement as to the subject matter upon which it purports to operate.   Code § 20-108; *Barrow* v. *Pennington,* 17 *Ga. App.* 481 (87 S. E. 719).   An exception to this rule is that, although the original contract may be void because of uncertainty, if goods are received and retained thereunder, the original defect becomes immaterial.   *National Grocery Co.* v. *Gee Go Wonder Soap Co.,* 30 *Ga. App.* 751 (119 S. E. 423) ; *Weill* v. *Brown,* 197 *Ga.* 328, 333 (29 S. E. 2d 54).

2. Where an alleged contract for services is so vague and indefinite that it cannot be determined therefrom what services are intended to be performed, there can be no action thereon.   *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (80 S. E. 559). The defendant, if liable, is liable only in quantum meruit for the services actually rendered.   *Mosteller* v. *Mashburn,* 64 *Ga. App.* 92 (1) (12 S. E. 2d 142).

3. The measure of damages, where a contractor undertakes to furnish goods and services for the improvement of real estate but is thereafter prevented by the owner from performing, is

the difference between the contract price and the cost to the contractor in labor and materials for having performed the contract. *Luckie* v. *Max Wright, Inc.*, 90 *Ga. App.* 243 (3) (82 S. E. 2d 660).

4. One seeking to foreclose a contractor's lien for labor and materials must, under Code § 67-2002, show a substantial compliance with the contract. Where the contractor is by the act of the owner prevented from compliance, he may be entitled to an equitable lien for the improvements made on a quantum meruit theory. *Shubert* v. *Speir*, 201 *Ga.* 20 (3) (38 S. E. 2d 835).

5. The petition in the present case alleges that the parties entered into an executory contract as follows: "The Standard Construction Company, hereinafter called the contractor, proposed to furnish all labor and materials necessary for the work specified below on premises located at No. 176 Mildred St., S.W., Atlanta, Ga. according to the following specifications: (1) Furnish and install 1 commode, 1 kitchen sink flat rim; (2) Electrical work to city specifications; (3) Furnish and install windows, doors; (4) Paint inside and waterproof; (5) Sheet rock ceilings; (6) Shed for outside door. Georgia Savings Bank Trust Co. to include this contract deed to secure debt plus closing cost. The undersigned property owner agrees upon completion of said work to pay the sum of $1,542 exclusive of interest if financed over monthly period. Payments to be made as follows:_____ (illegible) upon completion new first loan to apply payments to be $40 per month. Owner agrees that the equity in this property is security for this contract. The contract shall become binding upon the contractor only upon written acceptance hereof by the contractor and/or acceptance by lending institution and/or contractor's credit department. The contractor shall not be liable for any damage to the interior of the building and it is understood that the contractor is not an agent nor a subcontractor of any corporation, person, or firm. This contract constitutes the entire understanding of the parties, and no other understanding, collateral or otherwise, shall be binding unless in writing signed by both parties." The signatures of the plaintiff and the defendant appear at the bottom of the instrument. The plaintiff alleges that it began work on the property and partially performed said contract when the defendant breached the same

and refused to permit the plaintiff to continue to perform the said contract. The prayers are for damages in the sum of $1,562, the contract price, and that the lien for labor and materials by the plaintiff against said property be foreclosed, to neither of which remedies the plaintiff is entitled under the rules of law above stated. And while a mere allegation of the wrong measure of damages does not subject the petition to general demurrer, the express contract upon which the plaintiff seeks to recover here is too vague and indefinite to be the basis of recovery. The work has not been completed, and what work was contracted to be done cannot be ascertained from the instrument. It is not stated where the commode and sink are to be installed or the quality, what electrical work is to be done, how many windows and doors are to be furnished or of what quality, what part of the premises is to be painted and waterproofed, whether all ceilings are to be sheetrocked or, if not, what ceilings were included, nor the size or description of the shed, or which outside door (if more than one) it was to shelter. The payments appear to be contingent upon the completion of a loan involving the Georgia Savings Bank & Trust Company and places certain obligations upon the bank, but it is not alleged that the bank, which is not a party to this agreement, has accepted these obligations. The rule is recognized that mere ambiguities as to subject matter may be supplied by parol evidence, and this even though the contract recites that it contains the entire agreement between the parties (*Wood* v. *Phoenix Ins. Co.*, 199 *Ga.* 461, 468, 34 S. E. 2d 688), but indefiniteness in subject matter so extreme as not to present anything upon which the contract may operate in a definite manner renders the contract void. *Douglass* v. *Williams Art Co.*, 143 *Ga.* 846 (85 S. E. 993) ; *Aero Construction Co.* v. *Grizzard*, 76 *Ga. App.* 649 (2) (46 S. E. 2d 767). The "specifications" are, at most, memoranda of the items upon which it might have been assumed that the plaintiff and defendant had a collateral oral agreement, but this interpretation is negatived by the fact that the instrument itself recites it represents all the agreement there is between the parties. What the items refer to cannot be clarified (as in *Hartwell Grocery Co.* v. *Mountain City Mill Co.*, 8 *Ga. App.* 727, 70 S. E. 48) by reference to recognized grades or standards plus testimony that the contracting parties had such grades or

standards in mind when entering into the contract. Nor can the rule stated in Code § 38-504, "If the writing does not purport to contain all the stipulations of the contract, parol evidence shall be admissible to prove other portions thereof not inconsistent with the writing," apply, since this contract recites that it does contain the entire understanding of the parties. There is a difference between ambiguity, which imports doubleness and uncertainty of meaning, and that degree of indefiniteness which imports no meaning at all. The former can be explained by parol. The latter cannot be merely explained, but a deficiency must be supplied. Accordingly, the contract pleaded in this case is not sufficient to support the action, and the trial court erred in overruling the general demurrer to the petition pointing out this defect.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 22, 1957.

*Louis M. Tatham,* for plaintiff in error.
*A. Mims Wilkinson, Jr.,* contra.