38398.   HANSON v. STERN *et al.*

Decided September 8, 1960.

*John Cross*, for plaintiff in error.

*David S. Eisenberg*, contra.

Bell, Judge.   ■   The defendant, in urging his general demurrer, strenuously contends that the contract on which this action is brought and which was signed by both parties is too vague, indefinite, and uncertain to constitute an enforceable agreement. This assault is particularly directed against the financing provisions and certain of the specifications of the work to be performed in improving the property which were typed into a printed contract form in the appropriate places provided. These typed specifications are as follows:

"(1) Remove exterior asbestos siding on present walls; (2) Renail all loose boards and replace all rotten boards where

necessary; (3) Install 10 x 6 concrete slab on front of store 4 inches thick, according City Code; (4) Install new roof 20 year, and repair all bad rake boards where necessary. Re-screen side porch and install new screen door; (5) Insulate all exterior walls with foil insulation; (6) Install aluminum weather boarding on all outside walls with aluminum backer strips behind same. Install two 5 x 6 slabs on rear of building concrete and two irons on front."

Specifically, the defendant objects to the specifications numbered 2 and 4, contending first that the phrases "where necessary" used in them are indefinite. We do not consider that the words "where necessary," as used in these two specifications, render the contract uncertain since, as to specification 2, the phrase simply means what it says—if a board is rotten or loose, it is necessary that the board be renailed if loose, or replaced if rotten. Similarly, as to specification 4, if the rake board is bad, it is necessary to repair it.

Specification 4 is further attacked on the ground that the phrase install a "new roof 20 year" is indefinite. There is no merit in this argument, for, according to this language the ordinary connotation usually attributable to it, it seems clear that the new roof to be installed is required to be of sufficient quality to carry with it a twenty-year guarantee or warranty.

The defendant makes much of the fact that in specification 4 the last sentence reads: "Re-screen side porch and install new screen door," contending that this does not show where the door is to be located. Giving these words an appropriate interpretation, it is plainly seen that this sentence necessarily refers to the screen door on the side porch. Therefore, this language is neither vague nor uncertain.

The defendant further assails the contract asserting that the financing provisions are framed in very uncertain terms. These provisions of the contract read: "Balance to finance $2,545.00 8% interest; approx. 10 years plus closing. Total amount of note including interest $3,640.00. Payable in equal monthly instalments of $30.34 per month." These terms appear certain, rather than uncertain, and this objection is not well taken.

In any event, if there is any ambiguity in the agreement, it may be explained by parol evidence.

Reading the contract as a whole, it appears that this is a typical layman's contract which is not drawn with the skill of a lawyer's finesse, but the lack of finesse alone is by no means sufficient to render an agreement unenforceable because it may be to some degree vague, indefinite, and uncertain.

We consider it pertinent here to refer to certain relative primary rules of interpretation of contracts which we deem to be reasonable and which have been suggested by the giant in the field of contract law. We accordingly cite Williston's primary rules of interpretation, 3 Williston on Contracts (1936) § 618, p. 1777 et seq. These relevant suggestions are stated as follows: "1. The common or normal meaning of language will be given to the words of a contract unless the circumstances show that in a particular case a special meaning should be attached to it. Ordinary language may bear locally an extraordinary meaning in some circumstances, but in the vast majority of cases it does not. 2. Technical terms or words of art will be given their technical meaning, unless the context or local usage shows a contrary intention . . . 3. The writing will be read as a whole, and every part will be interpreted with reference to the whole; and if possible it will be so interpreted as to give effect to its general purpose . . ." The appropriate portions of his first secondary rule are as follows: "The main purpose of the instrument will be given effect . . The court will if possible give effect to all parts of the instrument and an interpretation which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable; and if this is impossible an interpretation which gives effect to the main apparent purpose of the contract will be favored . . ." 3 Williston on Contracts (1936) § 619, p. 1781, et seq.

Williston's second secondary rule is that "an interpretation which makes the contract or agreement lawful will be preferred over one which would make it unlawful"; and that "an interpretation which renders the contract or agreement valid and its performance possible will be preferred to one which makes it void or its performance impossible or meaningless . . ." 3 Williston on Contracts (1936) § 620, p. 1785, et seq.

His third secondary rule is that the "language will be interpreted most strongly against the party using it." 3 Williston on Contracts (1936) § 621, p. 1788, et seq.

We accord approval to these quoted primary rules of interpretation. In their light, we conclude that this contract before us is sufficiently definite and certain to be enforceable.

■ Further attack on the contract is based on the assertion that the petition does not state when the plaintiff began performance, when the performance was initiated, and what was completed. This type of critical scrutiny by, the defendant in his brief before this court is inappropriate, for all matters such as this should be raised by special demurrer timely presented in the proceedings before the trial court and not, initially, on appeal. Accordingly, this contention is not considered.

■ The defendant relies heavily on the case of *Jones v. Ely*, 95 Ga. App. 4 (96 S. E. 2d 536). We do not construe the holding in the *Ely* case as requiring a holding different from the one declared here. In the *Ely* case the court found that the work specifications stated in the contract there considered were too vague and indefinite to be the basis of recovery, and that the work contracted to be done could not be ascertained from the instrument. The work specifications in that contract provided, inter alia, "(1) furnish and install one commode; one kitchen sink flat rim; (2) electrical work to city specifications; (3) furnish and install windows, doors; (4) paint inside and water proof; (5) sheet rock ceilings; (6) shed for outside door." It is to be noted that the specifications of the present contract are in more detail and are considerably more definite and certain than the provisions in the *Ely* case.

The court, in construing the stipulations of the contract in the *Ely* case, held that the provisions there reached "that degree of indefiniteness which imports no meaning at all." Hence, the court reasoned, there was nothing to be explained by parol evidence. Further, although the *Ely* case states on page 6 that "It is not stated where the commode and sink are to be installed or the quality, what electrical work is to be done, how many windows and doors are to be furnished or of what quality . . ." the case is not to be construed as requiring the insertion

of detailed specifications as to exact *quality* in order for a contract to be enforceable. There, the word *quality* was used merely in its cumulative sense and not with the view of requiring the specification of *quality* as a necessary detailed element in every enumeration of particulars in contracts.

We, therefore, hold that through the proper admission of parol evidence, any uncertainty existing in this contract can be made certain and any ambiguity present can be made clear. See *Code Ann.* § 38-502. And see *Atlanta Chemical Co. v. Hardin Bag Co.,* 49 Ga. App. 748 (176 S. E. 772); *Lowery Lock Co. v. Wright,* 154 Ga. 867 (115 S. E. 801); *Tarbutton v. Duggan,* 45 Ga. App. 31(7) (163 S. E. 298).

Furthermore, parol evidence is admissible to explain an ambiguity, even though the contract stipulates that it contains the entire agreement between the parties. *Wood v. Phoenix Ins. Co.,* 199 Ga. 461 (34 S. E. 2d 688); *Knight v. Causby,* 68 Ga. App. 572 (23 S. E. 2d 452).

■ Inasmuch as the assignment of error as to the order of the trial court overruling the special demurrer was not asserted by argument in the brief of the plaintiff in error, it is deemed abandoned and will not be considered.

The judgment of the trial court overruling the general and special demurrers is hereby affirmed.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*