39466. WRIGHT v. PIEDMONT ENGINEERING & CONSTRUCTION CORPORATION.

DECIDED JULY 12, 1962—REHEARING DENIED JULY 26, 1962.

*E. E. Moore, S. S. Robinson,* for plaintiff in error.
*Parks & Eisenberg, David S. Eisenberg,* contra.

BELL, Judge. ■ The defendant contends that neither the original nor the amended petition alleges sufficient facts to show a breach of the contract by the defendant. This contention arises from the language of paragraph (b) of the amendment to the contract which reads in part: "Grady Wright *shall deed, in trust, by warranty deed* to Petty Bregman the property. . ." (Emphasis added). The defendant maintains that this language requires the deed which the defendant was to execute transferring the property to Bregman to contain words of trust.

Plaintiff maintains otherwise and alleges that it stood ready to execute any instrument sufficient to constitute the holding of the property by Bregman in trust for the defendant.

The beneficial interest, where property is held in trust, is in some other person than the one holding the title. *Code* § 108-101. No particular form is necessary to create a trust estate, but there is only required a manifest intention that another person shall have the benefit of the property, in which case the grantee of the property is a trustee for the other person. *Code* § 108-102.

On the other hand, conveyances of property by a warranty deed give the grantee the benefit of the covenants in such a deed which includes the right to sell, the covenant of quiet enjoyment

and freedom from encumbrances. *Code* § 29-303. The recipient of property by warranty deed normally takes the property in his own right and not for the benefit of another. The quoted language of the addendum to the contract, as we construe it, is capable of interpretation in at least two ways: (1) That the defendant shall deed the property to Bregman by a warranty deed, but Bregman shall hold it in trust; or (2) That Wright shall deed the property to Bregman by warranty deed which contains recitals that the property is to be held in trust (the latter portion of the addendum showing the trust to be for the benefit of Wright).

Our Code provides that a trust estate may be created by a deed which shall be recorded where the cestui que trust resides within three months from its execution and a failure so to record shall make the deed void. *Code* § 108-114.

It is a matter of common knowledge that financial institutions normally make loans upon real estate only where the borrower has a fee simple title and many of them by law are restricted to making loans upon real estate where there is any ownership in the mortgagor less than in fee simple.

Under the allegations of the original petition, it was agreed that Bregman was to secure the loan in his name. Considering the allegations of the original petition with its exhibits, there is an ambiguity in the amended contract and the addendum as to how the trust was to be created and by what language the transfer of the property was to be made, i.e., whether the trust language was to be in the warranty deed or there was to be a separate trust instrument. Where there is an ambiguity in the contract, parol evidence may be used to explain the ambiguity. *Hanson v. Stern,* 102 Ga. App. 341 (3) (116 SE2d 237).

Through the proper admission of parol evidence the intent of the parties can be determined and any ambiguity present can be resolved by the jury in the trial. Where the meaning of the contract is not clear a jury question is presented. *Code* § 38-502. *Tarbutton v. Duggan,* 45 Ga. App. 31 (163 SE 298).

The trial court properly overruled the general demurrer to the original petition.

■ The amendment to the petition amplified the facts alleged

by setting forth the diligent efforts of Bregman to obtain a loan for the defendant under the terms of the contract and alleged specifically that the lending institution which had agreed to make the loan required that the warranty deed transferring the property not contain any trust agreement but that any trust agreement must be by separate instrument.

Under the allegations of the amended petition, the purposes of the contract would be defeated and the expectations of the parties thwarted if the warranty deed contained words of trust. Where the purpose of the contract would be defeated by one interpretation but would be given effect by another interpretation, the meaning ascribed to the clause will be that which gives effect to the main apparent purpose of the contract. 3 Williston on Contracts (1936) § 619, p. 1781 et seq., and *Hanson v. Stern,* supra.

The main apparent purpose of this contract alleged was the construction of an eight-unit apartment building by the plaintiff for the defendant. To accomplish this purpose the necessary financing had to be obtained and to obtain the necessary financing the words of trust had to be left out of the deed transferring the property.

Applying the principles set out above, the amendment to the petition removes any ambiguity and shows clearly that the trust was intended to be created by a separate writing which the defendant refused to execute.

The amended petition stated a cause of action for the defendant's wrongful breach of contract. The general demurrer to the amended petition was properly overruled.

■ Defendant's third demurrer to the amended petition demurred "generally to paragraph one of said amendment and to the allegations set forth there in each paragraph . . ." 19 through 34, inclusive, upon the ground that the plaintiff in these paragraphs attempts to vary the unambiguous terms of the contract entered into by the defendant and the plaintiff.

The tenor of this contention that there was an attempted modification is that these paragraphs in the amended petition contradict the provisions of the addendum to the original contract discussed in Division 1, that the defendant should deed in trust the property by warranty deed to Bregman.

We do not agree.

These paragraphs added by amendment to the petition recite merely that the plaintiff, through its president, was unable to secure a permanent real estate loan for the defendant in such terms as would permit performance of the original contract and that Bregman, president of the plaintiff corporation, offered to secure a permanent loan for defendant; that he made arrangements for such provided that the title was in his name; that Bregman and the defendant thereupon met and agreed to amend the contract; that the amendment so made was the one which was attached to the original petition and contained the provision for transfer of the property from defendant to Bregman; that thereafter the instruments conveying the title were drawn for execution but that the lending institution required that the warranty deed from defendant to Bregman not contain any trust agreement but that it should be by separate instrument; that the defendant and his attorney well knew when they executed the modification of the contract that any trust instrument executed and the terms thereof would have to be in accordance with the requirements of the lending institution; and that the addendum prepared by defendant's attorney was ambiguous as to the matter or form of the trust.

We do not regard these allegations as modifying or attempting to vary the written contract as pleaded. The defendant has not cited authority or argument sufficient to demonstrate wherein the allegations of the amendment show a departure from the terms of the contract.

The trial court properly overruled the demurrers to the original and amended petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*