39896. . PEACHTREE MEDICAL BUILDING, INC.
v. KEEL.

DECIDED MARCH 1, 1963.

*Ernest D. Brookins, G. Ernest Tidwell,* for plaintiff in error.
*Schwall & Heuett, Emory A. Schwall,* contra.

CARLISLE, Presiding Judge.　■　A contract is an agreement between two or more parties for the doing or not doing of some

specified thing, *Code* § 20-101, and to constitute a valid contract there must be a subject matter upon which it can operate. *Code* § 20-107. In order that it may allege an agreement, a petition must set forth a contract of such certainty and completeness that either party may have a right of action upon it, *Parks v. Harper*, 43 Ga. App. 269 (158 SE 454), and a building contract, to be valid, must have the necessary element of certainty just as other contracts. *Brown-Randolph Co. v. Gude*, 151 Ga. 281 (106 SE 161). In this case, plaintiff has not alleged a valid contract in that the "proposed construction" is not set forth with sufficient certainty to identify the building on which the purported agreement is to operate.

Although the insertion of detailed plans and specifications is not necessary to the validity of a building contract, *Hanson v. Stern*, 102 Ga. App. 341 (116 SE2d 237), a contract may be made sufficiently certain by reference to other documents, or to plans and specifications. But such reference must be sufficient to identify the document or plans to which reference is made. *Brown-Randolph Co. v. Gude*, 151 Ga. 281, supra. The plaintiff has here made reference to plans and specifications of a named architect and to estimates submitted in accordance therewith. However, such plans or specifications are not attached to the petition as was done in the case of *Great American Indem. Co. v. Horkan*, 206 Ga. 451 (57 SE2d 487). See also, *Warren v. Gray*, 90 Ga. App. 398, 401 (83 SE2d 86) ; *Luckie v. Max Wright, Inc.*, 90 Ga. App. 243 (82 SE2d 660). Nor has plaintiff supplied sufficient facts to furnish the key for the identification of such instruments. The petition itself refers to several proposed plans and it cannot be determined therefrom which of these plans, if any, is a part of the proposed contract. *Brown-Randolph Co. v. Gude*, 151 Ga. 281, supra. See also, *Gray v. Aiken*, 205 Ga. 649 (54 SE2d 587) ; *Douglass v. Williams Art Co.*, 143 Ga. 846 (85 SE 993). It is further noted that the petition does not in fact state that the alleged agreement incorporated therein any of the plans which were generally referred to, and this court cannot extend the scope of the contract to subjects other than those covered by the agreement purported to be stated in plaintiff's petition.

The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance where these are essential. *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99 (97 SE2d 129). When a contract is substantially alleged, some details might be supplied under the doctrines of reasonable time or reasonable requirements. *Prior v. Hilton &c. Lumber Co.,* 141 Ga. 117 (80 SE 559). But indefiniteness in subject matter so extreme as not to present anything upon which the contract may operate in a definite manner renders the contract void. *Douglass v. Williams Art Co.,* 143 Ga. 846, supra; *Aero Const. Co. v. Grizzard,* 76 Ga. App. 649 (2) (46 SE2d 767); *Jones v. Ely,* 95 Ga. App. 4 (96 SE2d 536).

■ By amendment plaintiff has added allegations of other services rendered and to be rendered in promoting the sale of defendant's stock and in the acquisition and general development of the real estate which was to be the situs of the construction. But plaintiff does not specify the duties to be performed or the services which he would render as assistance in these activities. He does not state the quality of such services, their duration, the time or place for performing same. Construing plaintiff's amended petition as a contract of more general employment than one for proposed construction only, the contract is for an indefinite period and as to its essentials is without the assent of the parties. Because of such indefiniteness, the petition does not set forth an enforceable contract. *Weill v. Brown,* 197 Ga. 328 (29 SE2d 54), and cases cited; *Atlantic C. L. R. Co. v. Georgia, Ashburn, Sylvester &c. R. Co.,* 91 Ga. App. 698 (87 SE2d 92); *Pepsi-Cola Co. v. Wright,* 187 Ga. 723 (2 SE2d 73). The proposal is so indefinite as to make it impossible for the court to determine what, if anything, was agreed upon, therefore rendering it impossible to determine whether there has been performance. *Weill v. Brown,* 197 Ga. 328, supra; *Jones v. Ely,* 95 Ga. 4, supra. The defendant, if liable, is liable only in quantum meruit for the services actually rendered. *Jones v. Ely,* supra; *Mosteller v. Mashburn,* 64 Ga. App. 92 (1) (12 SE2d 142).

■ The contract as alleged is too vague and indefinite to be

enforceable, and the court erred in overruling the defendant's general demurrer.

*Judgment reversed. Bell and Hall, JJ., concur.*