40395. PIEDMONT ENGINEERING & CONSTRUCTION CORPORATION v. WRIGHT.

DECIDED NOVEMBER 14, 1963.

*Parks & Eisenberg, David S. Eisenberg,* for plaintiff in error. *E. E. Moore, Jr., S. S. Robinson,* contra.

FELTON, Chief Judge. This is the second appearance of this case in this court. The law of this case, insofar as the pleadings are concerned, was established in *Wright v. Piedmont Engineering &c. Corp.,* 106 Ga. App. 401 (126 SE2d 865). The case was tried by a judge without the intervention of a jury and judgment was entered for the defendant, Grady Wright. The only question necessary for decision is whether the evidence demanded the finding that the following provision in the addendum to the contract meant that the trust provision was not to be included

in the warranty deed. The provision is as follows: "Grady Wright shall deed in trust, by warranty deed, to Petty Bregman the property . . ." The evidence presented by the plaintiff tends to show that at the time the addendum was executed both parties construed it to mean that the trust provision was not to be included in the warranty deed. The testimony of witnesses for the defendant was to the effect that the contention of the plaintiff above stated, as to the meaning of the addendum, was not correct but that it was clearly understood before and at the time of the execution of the addendum that the defendant insisted that the provision as to the trust should be embodied in the warranty deed and that the defendant, on the advice of his attorney, expressly refused to proceed further under the contract unless the trust provision was embodied in the warranty deed. Under the conflicting evidence the judge was authorized to find that the meaning of the quoted provision of the addendum was understood by the parties to be that it was their intention that the trust provision referred to in the addendum was to be embodied in a warranty deed to the plaintiff. No law has been cited to this court which shows that such a deed would be illegal or ineffective. The trial judge was authorized to find for the defendant. He did not err in overruling the motion for a new trial.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*