ARGUED MAY 5, 1972—DECIDED MAY 17, 1972—
REHEARING DENIED JUNE 13, 1972.

*Lawson E. Thompson,* for appellant.
*Walton Hardin,* for appellee.

### 47180.   WILLIAMS v. BELL.

*Gignilliat & Abbott, Laurie K. Abbott,* for appellant.

*Stanley E. Harris, Jr.,* for appellee.

CLARK, Judge. This suit arises out of a realty sale contract under which Williams, referred to herein as seller-builder, received a binder deposit from Mrs. Bell, hereafter called buyer, "for the construction and purchase of a residence" on a specified lot. The first count of the complaint is for recovery of the binder deposit plus "aggravated or exemplary damages," alleging there was a fraudulent "intentional retention and conversion" of the plaintiff's money. The second count is for money had and received and seeks recovery of the binder deposit plus attorney's fees because defendant "has acted in bad faith and been stubbornly litigious" so as to entitle plaintiff to attorney's fees.

The contract out of which the controversy arose was a "standard form approved by and for the use of the Savannah Real Estate Board." Dated March 29, 1971, the transaction was made subject to the availability to the purchaser of a FHA loan which was specifically described as to principal, interest and other terms. The consummation date was 180 days.

On July 8, 1971, prior to the expiration date buyer wrote seller-builder reciting the lack of availability of financing and expressing her dissatisfaction with the construction, stating "I have no intentions of closing the transaction on the home I contracted with you to build," and demanding refund of the deposit. An attorney representing the seller-builder replied by missive dated August 25, 1971, in which there was a denial of the contentions made in buyer's letter and concluded that the "letter of July 8th was viewed as constituting purchaser's default as of that date thereby terminating the contractual relationship." This reply fur-

ther stated that the seller was pursuant to the contract retaining the earnest money payment for application "to his damages as a result of this default."

Thereafter the property was conveyed to other parties at the same sale price as stated in the contract between plaintiff and defendant.

One of the contentions made by plaintiff-buyer was that on February 12, 1971, prior to Williams executing the contract individually as seller-builder, he had no title to the realty because it was then owned by a corporation known as Williams Mechanical Contractors, Inc. Defendant's answer which plaintiff requested be made a part of the record on appeal avers the seller-builder was the sole stockholder of this corporation. Plaintiff emphasizes this absence of title as an element entering into both the "willful and fraudulent acts" and her entitlement to attorney's fees as "evidencing bad faith and stubborn litigiousness."

Additionally in Count 2 which seeks to add attorney's fees, the buyer alleges the financing clause was not sufficiently definite to create a binding contract and that "said contract was no longer binding after July 8, 1971," the date of her cancellation letter, because of defendant's reply of August 25, 1971.

The seller-builder filed a motion to strike the allegations pertaining to exemplary damages in Count 1 and to attorney's fees in Count 2 and also to dismiss each of the counts for failure to state a claim upon which relief can be granted. The trial court overruled the motion but granted a certificate for immediate review.

■ A party may contract to convey property not then owned by him. If he is not able to make delivery by the consummation date, he will be liable in damages for breach of contract. *Northington-Munger-Pratt Co. v. Farmers Gin &c. Co.,* 119 Ga. 851 (47 SE 200, 100 ASR 210); *Sanders v. Allen,* 135 Ga. 173 (68 SE 1102); *Broadwell v. Kiker,* 28 Ga. App. 279 (111 SE 62). "Whether or not the seller could have delivered good title on the closing date is not a question which addresses itself to the validity of the contract."

*Goldgar v. North Fulton Realty Co.,* 106 Ga. App. 459, 460 (127 SE2d 189); *Roberts v. J. L. Todd Auction Co.,* 120 Ga. App. 444, 445 (170 SE2d 862). Accordingly, we hold the absence of title at the time of the making of the contract does not provide the basis for a fraudulent conversion. The motion to dismiss Count 1 as failing to state a claim for relief should have been sustained.

■ It should be noted the parties had agreed for construction of a residence but used a printed standard Savannah Real Estate Board contract form designed to provide for land sales. The contract therefore did not contain any plans for specifications concerning the proposed construction. Thus, it was lacking in the essential element of sufficient certainty to bind both parties. *Brown-Randolph Co. v. Gude,* 151 Ga. 281 (106 SE 161); *Aero Constr. Co v. Grizzard,* 76 Ga. App. 649 (2) (46 SE2d 767); *Peachtree Medical Bldg. v. Keel,* 107 Ga. App. 438 (130 SE2d 530). Since the instrument serving as the basis for the suit provides "this contract constitutes the entire agreement between the parties," the necessary details concerning the agreed construction cannot be shown by parol. *Jones v. Ely,* 95 Ga. App. 4 (96 SE2d 536). The buyer was therefore within her legal rights in declaring the purported agreement as being null and was entitled to a refund of her binder deposit. Money paid under an invalid contract may be recovered in an action for money had and received. *Dell v. Kugel,* 99 Ga. App. 551 (109 SE2d 532). See also *Woodruff v. Camp,* 101 Ga. App. 124 (112 SE2d 831) and *Parker v. Averett,* 114 Ga. App. 401 (151 SE2d 475). Count 2 stated a cause of action and the court below properly overruled the motion to dismiss this count.

■ Was the plaintiff entitled to recovery of attorney's fees on the basis of bad faith and stubborn litigiousness? After demanding refund, she was informed by the attorney then representing the seller-builder that his client denied the contentions made in her rescission letter and that the earnest money payment was being retained for application towards damages caused by her alleged default. We have

here a disputed claim. As the legendary Logan Bleckley, one of our four Chief Justices memorialized in the Pantheon of our State Judicial Building lobby, wrote: ". . . No man is bound to forego litigation at the expense of yielding rights apparently well founded . . . Where there is a bona fide controversy for the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation." *Tift v. Towns,* 63 Ga. 237, 242. A case which we regard as being quatuor pedibus currit with that under consideration because of its similarity of facts is *Murphy v. Morse,* 96 Ga. App. 513 (100 SE2d 623). There at page 516 the governing principle is succinctly stated: "A mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness. *State Mut. Ins. Co. v. McJenkin Ins. &c. Co.,* 86 Ga. App. 442, 445 (71 SE2d 670)." See also *Code* § 20-1404, and *D. H. Overmeyer Co. v. Nelson Brantley Glass Co.,* 119 Ga. App. 599 (168 SE2d 176).

Nor do the allegations here show the requisite of "bad faith" within the meaning of *Code* § 20-1404, because this must relate to the time when the contract was made. *Twin City Lumber Co. v. Daniels,* 22 Ga. App. 578 (96 SE 437); *Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720 (21 SE2d 575); *Grant v. Hart,* 197 Ga. 662, 672 (30 SE2d 271).

The motion to strike the claim for attorney's fees from Count 2 should have been sustained.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Deen, J., concur.*