## 30034, 30035. BERRY v. DISCOUNT LUMBER & SUPPLY COMPANY et al.; and vice versa.

GUNTER, Justice.

This appeal and cross appeal result from summary judgment rulings below. Berry was the plaintiff below and is the appellant here in Number 30034. Discount Lumber was the defendant below and is the cross appellant here in 30035.

Berry brought a complaint against Discount Lumber which, as eventually amended, set forth alleged causes of action in three separate counts. Count 1 asserted that Berry had entered into a contract, partially written and partially oral, with Discount Lumber for the purchase of a lot on which a residence was to be constructed by Discount Lumber. This count sought specific performance for the failure of Discount Lumber to comply with the contract. The second count sought damages for failure to comply with the contract, and the third count sought damages for fraud on the part of Discount Lumber in the procurement of the contract. The trial judge granted Discount Lumber's motions for summary judgment on Counts 1 and 2 but denied its motion for summary judgment on Count 3. Berry has appealed from the ruling on the first two counts, and Discount Lumber has appealed from the ruling on the third count.

We affirm the trial court's judgment on the first two counts and reverse the trial court's judgment on the third count.

The alleged contract in this case was void for uncertainty because plans and specifications for the construction of the residence on the lot were not made a part of or even referred to in the written contract that was

entered into. This case is controlled by *Williams v. Bell,* 126 Ga. App. 432 (190 SE2d 818) (1972), and *Brown-Randolph Co. v. Gude,* 151 Ga. 281 (106 SE 161) (1920).

Therefore, summary judgment was properly entered for Discount Lumber on Counts 1 and 2 of the complaint.

The fraud alleged in the third count of the complaint was "that the defendants, acting in concert with each other, conspired to perpetrate a fraud upon your plaintiff by the fact that the real property described in the contract for the purchase of the real estate in question, was wilfully, maliciously and wantonly described incorrectly in said contract in order that defendants might be able to breach the same at their will, to thus deceive plaintiff and defraud plaintiff out of the property for which he had contracted."

Code § 105-302 provides in part: "Wilful misrepresentation of a *material fact,* made to induce another to act, and upon which he does act to his injury, will give a right of action."

Since we have held that the contract between the parties was void for uncertainty, even if the alleged misrepresentation, the incorrect description of the realty, was a wilful misrepresentation, it was not material in the context of this case. Since the overall contract was invalid for uncertainty, it is immaterial that the realty was incorrectly described in the contract. In short, our ruling on the first two counts of the complaint necessarily dictates what the ruling must be on the third count.

*Judgment affirmed in 30034; judgment reversed in 30035. All the Justices concur.*

SUBMITTED JUNE 11, 1975 — DECIDED OCTOBER 1, 1975.

*Spence & Knighton, Judson R. Knighton,* for appellant.

*Cochran, Camp & Snipes, J. Al Cochran, Paschal A. English, Jr.,* for appellees.