## 44668. HOSCH v. BROWN.
### (364 SE2d 833)

CLARKE, Presiding Justice.

This case involves Hosch's claim against Brown for damages resulting from Brown's failure to buy real property from Hosch under the terms of a sales contract. The trial court granted summary judgment to Brown and the Court of Appeals affirmed holding that because Hosch did not hold title to the property on the agreed closing date, he has no right to maintain an action against Brown for his failure or refusal to close. *Hosch v. Brown*, 182 Ga. App. XXIX (1987). We reverse.

In February of 1981, Hosch and Stultz acquired an option to purchase the real estate involved in this controversy. In July of the same year, Brown and an associate entered into a contract with Hosch and Stultz to buy the property with the closing date set for September 1, 1981. At some point not later than September 1, Brown declined to consummate the transaction and the record indicates that on September 1, the land was conveyed to Stultz Properties, Inc. Hosch says he owned a major interest in that corporation and could have caused title to be conveyed by the corporation to Brown on the agreed closing date.

In its opinion, the Court of Appeals held, "A party may contract to convey property he does not hold at the time, but if he is not able to deliver it by the consummation date, he will be liable for breach of contract." See *Williams v. Bell*, 126 Ga. App. 432 (190 SE2d 818) (1972). We find this to be a correct statement of the law, but we do not agree with the sentence following that statement in the Court of Appeals' opinion: "As appellant had no interest in the property on the closing date, he could not sustain a suit against Brown for breach of contract to purchase it." We view these sentences as having a slight inconsistency. The first sentence validates the enforceability of a contract if the seller is able to deliver title at the consummation date. The second sentence requires more. It holds that the seller may not enforce the contract unless the title is in the seller's name on the closing date. We hold that the better rule looks to the ability of the seller to deliver title whether it flows from the seller to the purchaser or from some third party to the purchaser.

Having decided that ability to deliver title is the test, we now look to whether Brown was entitled to a summary judgment. Because the factual issue of Hosch's ability to deliver title on the date of consummation remains factually unresolved, we find that a summary judgment was not authorized.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 4, 1988 —
RECONSIDERATION DENIED FEBRUARY 24, 1988.

*Ford & Ford, Michael C. Ford,* for appellant.
*Alston & Bird, Bernard Taylor,* for appellee.