## A07A1323. HARRIS et al. v. BAKER.
### (652 SE2d 867)

BERNES, Judge.

In this action for breach of a building contract, plaintiffs Andrew and Bonnie Harris (collectively, "Harris") appeal from the trial court's grant of summary judgment in favor of defendant Leon Baker. The trial court held that Harris' contract claim was barred by the four-year statute of limitation set forth in OCGA § 9-3-25. Finding no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation and footnote omitted.) *Jordan v. Tri County Ag*, 248 Ga. App. 661 (546 SE2d 528) (2001).

So viewed, the record reflects that Baker is in the residential construction business. In 2000, Baker contracted with Harris to build a single family dwelling in Oconee County. Baker substantially completed construction of the home in November 2000, and the Oconee County Department of Building Inspection issued a certificate of occupancy. Thereafter, Harris allegedly discovered numerous defects and uncompleted details of the newly constructed home, requiring thousands of dollars to remedy.

In March 2006, Harris commenced this lawsuit against Baker for breach of the building contract. Baker moved for summary judgment on the ground that the lawsuit was barred by the four-year statute of limitation imposed by OCGA § 9-3-25. Both parties agreed that a building contract between the parties had been created. But, the parties disagreed as to whether the building contract should be construed as a written or oral/parol contract for statute of limitation purposes. According to Baker, the contract between the parties was an oral/parol contract controlled by the limitation period set forth in

OCGA § 9-3-25. In contrast, Harris argued that a May 24, 2000 document written by Baker, when read in conjunction with a set of construction blueprints, created a complete, written contract controlled by the longer limitation period set forth in OCGA § 9-3-24.[1] The trial court agreed with Baker and held that the action was time barred under OCGA § 9-3-25. This appeal followed.

Under Georgia law, written contracts are subject to the six-year statute of limitation imposed by OCGA § 9-3-24, whereas oral/parol contracts are subject to the four-year statute of limitation imposed by OCGA § 9-3-25. See *King Indus. Realty v. Rich*, 224 Ga. App. 629, 633-634 (5) (a) (481 SE2d 861) (1997); *Plumlee v. Davis*, 221 Ga. App. 848, 852-853 (3) (473 SE2d 510) (1996). Compare OCGA § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable.") with OCGA § 9-3-25 ("All actions . . . for the breach of any contract not under the hand of the party sought to be charged . . . shall be brought within four years after the right of action accrues."). "When a contract is not wholly in writing, but is partly in writing and partly in parol, the entire contract is considered as one in parol," and "the four-year statute of limitation applicable to oral contracts must be applied in such cases." (Citations and punctuation omitted.) *Plumlee*, 221 Ga. App. at 852-853 (3). See *Frates v. Sutherland, Asbill & Brennan*, 164 Ga. App. 243, 246 (1) (296 SE2d 788) (1982); *Jankowski v. Taylor, Bishop & Lee*, 154 Ga. App. 752, 754-755 (2), (3) (269 SE2d 871) (1980). Thus, when essential terms of a contract are not in writing but instead must be implied or presumed from parol evidence of the parties' conduct, the contract is not considered a written one, and the four-year limitation period set forth in OCGA § 9-3-25 controls. Cf. *Bd. of Regents &c. of Ga. v. Tyson*, 261 Ga. 368, 369-370 (1) (404 SE2d 557) (1991) (contract where essential term of consideration had to be implied from the parties' conduct was not a written contract for sovereign immunity purposes).

Bearing these principles in mind, we turn to the contentions in the present case. As noted, Harris relies upon two documents in arguing that a written contract exists between the parties such that OCGA § 9-3-24 controls. The first document, dated May 24, 2000, is an untitled and unsigned two-page document with Baker's name and address at the top. The document contains a "To" line followed by the names "Andy & Bonny Harris." The remainder of the document is a handwritten list of various construction-related items and prices,

---

[1] In the trial court, Harris also relied on a third document dated September 7, 2000 to support the claim that the building contract was a written one. Harris, however, has explicitly abandoned any reliance on that document on appeal, noting that the decision initially to rely upon the document was a mistake recognized during discovery.

followed by a line that reads "Total Contract Price $196,751.00." The final sentence of the document states: "Owener to pay for building perment & septic tank perment. [sic]" The document does not reflect whether the construction is of a new home or involves the remodeling of all or part of an existing home. Nor does the document provide a description of the property or address where the house will be located, the payment terms, or any plans or specifications for the construction of the home. Likewise, the document contains no recitals, definitions, signature lines, or signatures.

The second document is a set of construction blueprints dated April 6, 1995. The blueprints are form documents and provide: "These construction documents are designed for universal use and do not address a specific site. We recommend these drawings and specifications be supplemented with appropriate site plans and specifications." As such, the blueprints do not refer to a particular address or piece of property, are unsigned, and do not reference or mention any specific property owners or builders, including the parties to this case.

According to Harris, the May 24 document and the blueprints, when read together, contain all of the necessary terms of a contract and thus create a complete, written contract between the parties. We cannot agree. It is true that "multiple documents may be considered together as a single contract as long as all the necessary terms are contained in signed contemporaneous writings." (Citation and punctuation omitted.) *Tyson*, 261 Ga. at 369 (1). See *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 459 (1) (314 SE2d 874) (1984). Additionally, two or more documents can together create a single contract if one of them is referenced by or incorporated into the other. See *Berry v. Discount Lumber & Supply Co.*, 235 Ga. 320, 320-321 (219 SE2d 434) (1975); *Peachtree Med. Bldg. v. Keel*, 107 Ga. App. 438, 440 (1) (130 SE2d 530) (1963). Here, however, neither the May 24 document nor the blueprints reference or incorporate one another. Neither is attached to the other. And, the documents were not contemporaneous since the unsigned, form blueprints are dated April 6, 1995 and thus were created long before the unsigned May 24, 2000 document. The May 24 document and blueprints thus cannot be read in conjunction with each other to create a single written contract.

In any event, the May 24 document and the blueprints do not create a binding written contract even if they are read together. "A contract is not complete and enforceable until there is a meeting of the minds as to all essential terms." (Citations and punctuation omitted.) *Chong v. Reebaa Constr. Co.*, 284 Ga. App. 830, 832 (1) (a) (645 SE2d 47) (2007). "To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which

the contract can operate." OCGA § 13-3-1. But, neither the May 24 document nor the blueprints provide an address or describe in any manner the location of the property where the construction is to occur, and thus fail to adequately identify the subject matter of the contract. See *Peachtree Med. Bldg.*, 107 Ga. App. at 440 (1) (construction agreement lacked essential term where agreement did "not set forth with sufficient certainty . . . the building on which the purported agreement [was] to operate"). Furthermore, neither document identifies the specific parties to the contract. As previously pointed out, the blueprints are form documents that do not provide any information particular to this case, including the names of the contracting parties. Similarly, although the May 24 document contains Baker's name and address at the top and lists the names "Andy & Bonny Harris" in the "To" line, the document never states who the contracting parties are or who is agreeing to do what, and it contains no recitals, definitions, signature lines, or signatures that might provide clarification on the issue. Finally, neither the May 24 document nor the blueprints contain signatures of the parties, and so the documents fail to reflect the parties' assent to the contract. Under these circumstances where essential terms are not included, the May 24 document and the blueprints cannot constitute a binding written contract. See, e.g., *Berry*, 235 Ga. at 320-321; *Key v. Haitchi*, 129 Ga. App. 898, 898-899 (201 SE2d 832) (1973); *Williams v. Bell*, 126 Ga. App. 432, 435 (2) (190 SE2d 818) (1972); *Peachtree Med. Bldg.*, 107 Ga. App. at 440-441 (1).

Because an enforceable written contract does not exist between the parties, the trial court committed no error in concluding that the breach of contract claim asserted by Harris was time barred. While there ultimately may have been a binding contract between the parties with the missing essential terms implied from their conduct or addressed by oral agreement, the contract was not wholly in writing and thus was controlled by the four-year limitation period set forth in OCGA § 9-3-25. See *Plumlee*, 221 Ga. App. at 852-853 (3); *Frates*, 164 Ga. App. at 246 (1); *Jankowski*, 154 Ga. App. at 754-755 (2), (3). Cf. *Tyson*, 261 Ga. at 369-370 (1). Summary judgment, therefore, was properly granted to Baker.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 12, 2007.

*Winburn, Lewis & Stolz, James W. Hurt, Jr.*, for appellants.
*M. Barton Rice, Jr., J. Mitchell Gibbs*, for appellee.